UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

ARTHUR L. CLARK, et al.,
      Plaintiffs

     V.                             CIVIL ACTION NO. 05-30163-MAP

LYNNE BOSCHER, et al.,
      Defendants.

**AFFIDAVIT OF KENNETH C. PICKERING
IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS**

I, Kenneth C. Pickering, hereby depose and state as follows:

1.      I am an attorney at the law firm of Mirick O'Connell in Worcester,

Massachusetts, and counsel for the defendants in the above-captioned case.

2.      Attached to this affidavit are true and accurate copies of the following documents:

3.      Attached as **Exhibit A** are pleadings filed in Clark v. City of Westfield, Land

Court Misc. Case No. 247737 (the "Clark Land Court Case"), including the following:

    i.      Petition to Compel Supposed Claimant to Try Title, filed July 29, 1998;

    ii.      Answer, filed August 14, 1998;

    iii.      Petitioner's Motion for Order Compelling the Respondent to Try Title in the Land Court, filed December 10, 1998;

    iv.      Order to Try Title Under G.L. c. 240, §1, issued December 18, 1998;

    v.      Complaint (excluding exhibits), filed February 26, 1999

    vi.      Defendants' Answer, filed May 19, 1999;

4.    Attached as **Exhibit B** are pleadings filed in <u>Golden Acres Development Corp. v.</u>

<u>Board of Water Commissioners,</u> Superior Court Case No. 02-932 (the "Golden Acres Superior

Court Case"), including the following:

  i.    Complaint, filed September 6, 2002;

  ii.   Defendant's Motion to Dismiss, filed October 24, 2002;

  iii.  Memorandum of Law in Support of Defendant's Motion to Dismiss (excluding exhibits), filed October 24, 2002;

  iv.   Plaintiffs' Opposition to Defendant's Motion to Dismiss, filed October 24, 2002;

  v.    Memorandum and Order on the Defendant's Motion to Dismiss, issued November 25, 2002.

5.    Attached as **Exhibit C** are pleadings filed in <u>Golden Acres Development Corp. v.</u>

<u>City of Westfield,</u> Land Court Misc. Case No. 287044 (the "Golden Acres Land Court Case"),

including the following:

  i.    Appeal of Definitive Subdivision Disapproval and Complaint for Declaratory Judgment, filed January 24, 2003;

  ii.   Notice to City Clerk Pursuant to M.G.L. c. 41, s. 81BB, issued January 29, 2003;

  iii.  Answer to Count I with Reservation of Right to Amend to Answer Count II Pending Disposition of Motion to Dismiss, filed February 28, 2003;

  iv.   Memorandum of Law in Support of Motion to Dismiss (excluding exhibits), filed February 28, 2003;

  v.    Plaintiffs' Opposition to Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint, filed August 28, 2003;

  vi.   Order Allowing Defendants' Motion to Dismiss Count II, issued November 3, 2003.

Signed under the pains and penalties of perjury this 19th day of December, 2005.

/s/ Kenneth C. Pickering
Kenneth C. Pickering

CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, via overnight mail, postage prepaid, to William J. Pudlo, Esq. P.O. Box 676, West Springfield, MA 01090.

/s/ Kenneth C. Pickering

Dated: December 19, 2005                    Kenneth C. Pickering

# A-i.

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT DEPARTMENT OF THE TRIAL COURT

Hampden, ss.                                    Case # 247737

ARTHUR L. CLARK and              )
RITA M. CLARK, Petitioners       )
                                 )
         v.                      )    PETITION TO COMPEL
                                 )    SUPPOSED CLAIMANT TO
CITY OF WESTFIELD,               )    TRY TITLE
Respondent                       )

### Jurisdiction

1.  The Petitioners claim that this Court holds jurisdiction over this controversy pursuant to Massachusetts General Laws, Chapter 240, §1, *et seq.*

### Parties

2.  The Petitioners, Arthur L. Clark and Rita M. Clark are husband and wife and reside at 1804 East Mountain Road, Westfield, Massachusetts.

3.  The Respondent, City of Westfield, is a municipal corporation in the Commonwealth of Massachusetts with offices at 59 Court Street, Westfield, Massachusetts.

### Facts

4.  The Petitioners are seised and possessed, as tenants by the entirety, of those two (2) certain parcels of land with the improvements thereon (hereinafter referred to as the "premises") in Westfield, Hampden County, Massachusetts, more particularly described in deed recorded with the Hampden County Registry of Deeds in Book 7329, Page 37, a copy of which is attached hereto and made a part hereof.

5.  Prior to 1870, the premises were a portion of a larger tract owned by one David D. Lewis.

6.  By *mesne* conveyances, the premise were conveyed to one Bessie C. Rider, by deed recorded with said Registry in Book 1000, Page 98.

7.  The Petitioners derive their title through said Bessie Rider.



RECEIVED
JUL 29 1998
LAW

2

8. The Petitioners' premises include an area known as Chapin Pond and Pond Brook, so-called.

9. By deed dated March 14, 1939, the City of Westfield was granted a certain parcel of land on Union Street in said Westfield by deed recorded with said registry in Book 1671, Page 349, and by which deed the respondent claims title to a strip of land fifty (50') feet in width, abutting Chapin Pond and Pond Brook, so-called.

10. The Petitioners and their predecessors in title have occupied the premises openly, notoriously and adversely to all the world and under a claim of right since at least 1918.

11. The petitioners, having made a diligent search, are unable to ascertain any grant or conveyance of record to the Respondent of any parcel of land adjacent to or abutting Chapin Pond or Pond Brook, so-called.

12. The Respondent claims title by virtue of a notation on the City of Westfield Assessors' Maps indicating some form of ownership in the Respondent.

13. Despite several attempts to obtain any recorded deed or grant upon which the Petitioners can rely, the respondent has failed to produce any such documents to substantiate its claims.

WHEREFORE, your Petitioners pray:

1. That the Respondent be summoned to show cause why they should not being an action to try any claim that they might have;

2. That if, upon return of the order of notice duly executed, the Respondent does not appear within the time required by law and rule of court, or having appeared, disobey the lawful order of this Court to try their claims, the Court shall enter a decree that they be forever barred from having or enforcing any such claim adversely to the Petitioners, their heirs or assigns in the premises.

The Petitioners,
By their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000
BBO #407640

\\winword\clark\title\complaint

# A-ii.

## COMMONWEALTH OF MASSACHUSETTS
## LAND COURT DEPARTMENT OF THE TRIAL COURT

**Hampden, ss.**

Case # 247737

| | |
|---|---|
| **ARTHUR L. CLARK, and** ) | |
| **RITA M. CLARK,** ) | |
| **Petitioners** ) | |
| ) | **ANSWER** |
| **v.** ) | |
| ) | |
| **CITY OF WESTFIELD** ) | |
| **Respondent** ) | |

Now comes the Respondent, City of Westfield, and in Answer to the Peitioners' Complaint states:

1.  Admitted.

2.  The Respondent is without sufficient knowledge to admit or deny the information as contained in paragraph 2 of the Petitioners' Complaint.

3.  Admitted.

4.  The Respondent is without sufficient knowledge to admit or deny the information as contained in paragraph 4 of the Petitioners' Complaint.

5.  The Respondent is without sufficient knowledge to admit or deny the information as contained in paragraph 5 of the Petitioners' Complaint.

6.  The Respondent is without sufficient knowledge to admit or deny the information as contained in paragraph 6 of the Petitioners' Complaint.

7.  The Respondent is without sufficient knowledge to admit or deny the information as contained in paragraph 7 of the Petitioners' Complaint.

8.  The Respondent is without sufficient knowledge to admit or deny the information as contained in paragraph 8 of the Petitioners' Complaint.

9.  Admitted.

10.  Denied.

11. The Respondent is without sufficient knowledge to admit or deny the information as contained in paragraph 11 of the Petitioners' Complaint.

12. The Respondent admits that the Assessor's Maps indicate ownership rights of the Respondent.

13. Denied.

Respectfully Submitted,
City of Westfield

By: Mary Jane Eustace, Esq.
Assistant City Solicitor
City of Westfield
59 Court Street
Westfield, MA  01085
(413) 572-6260
BBO# 561321

## Certificate of Service

I, Mary Jane Eustace, Esq., hereby certify that a copy of the above document has been mailed, first class, postage prepaid to William J. Pudlo, Esq., P. O. Box 676, West Springfield, MA  01090.

6/14/98
Date

Mary Jane Eustace, Esq.

2

# A-iii.

## COMMONWEALTH OF MASSACHUSETTS
## LAND COURT DEPARTMENT OF THE TRIAL COURT

**Hampden, ss.**                                    **Case #247737**

| | |
|---|---|
| **ARTHUR L. CLARK and** ) | |
| **RITA M. CLARK, Petitioner** ) | **PETITIONERS' MOTION FOR** |
| ) | **ORDER COMPELLING THE** |
| **v.** ) | **RESPONDENT TO TRY TITLE** |
| ) | **IN THE LAND COURT** |
| **CITY OF WESTFIELD,** ) | |
| **Respondent** ) | |

Now come the Petitioners in the above captioned action and move this Court to enter an order to the Respondent requiring it to bring an action to try title to land claimed by it, in the Land Court within a time certain, but no more than sixty (60) days.

As grounds for this motion the Petitioners state that on or about May 4, 1998 they entered a Petition with this Court seeking to have the Respondent commence an action to try its claims of title to lands claimed by the Petitioners.

On or about August 14, 1998, the Respondent, through its City Solicitor, filed an answer to said petition.

As a result of the actions of the Respondent there remains a cloud on the Petitioners' title.

WHEREFORE, your Petitioners request that an Order enter from this Court to the Respondent requiring it to commence proceedings in the Land Court within sixty (60) days to try its claims of title to lands claimed by the Petitioners, and that failure to so commence such action within the time set by this Court shall result in the entry of a decree forever barring the Respondent from enforcing any claims adverse to those of the Petitioners.

The Petitioners,
By their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

RECEIVED
DEC 10 1998
LAW

3

**Notice of Motion**

To: Paul Casey, Esquire
   City Solicitor
   City of Westfield
   59 Court Street
   Westfield, Mass. 01085

    Please take notice that the undersigned will bring the above motion for a hearing before the Land Court at Boston, on Thursday, December 17, 1998 at 10:00 a.m. or as soon thereafter as Counsel can be heard.

Dated: December 8, 1998

_____
William J. Pudlo

**CERTIFICATE OF SERVICE**

    I, William J. Pudlo, hereby certify that I have served a copy of the above pleading upon the respondents by mailing a copy of the same, postage prepaid, to Paul Casey, Esquire, Westfield City Solicitor, 59 Court Street, Westfield, Mass. 01085.

Dated: December 8, 1998

_____
William J. Pudlo

\win\word\clarktitlemotion1

# A-iv.

COMMONWEALTH OF MASSACHUSETTS

LAND COURT

DEPARTMENT OF THE TRIAL COURT

FRANKLIN, ss.

MISCELLANEOUS CASE
NO. 247737

|  |  |
|---|---|
| ARTHUR L. CLARK, and RITA M. CLARK,<br><br>                      Plaintiffs<br><br>v.<br><br>CITY OF WESTFIELD,<br><br>                      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED
DEC 21 1998
LAW

### ORDER TO TRY TITLE UNDER G. L. c. 240, § 1

This complaint was filed in the Land Court Department of the Trial Court on May 4, 1998, under the provisions of G. L. c. 240, § 1, seeking to compel adverse claimant to try title as said forth in the complaint.

Inasmuch as Defendant, City of Westfield, claims title adverse to that of Plaintiffs, it is hereby ordered that said Defendant bring and prosecute an action to try such adverse claims, in the Land Court, within sixty (60) days from this date.

So ordered.

By the Court. (Scheier, J.)

Attest:

Dated: December 18, 1998

Charles W. Trombly, Jr.
Recorder

TRUE COPY
ATTEST:

Charles W. Trombly, Jr.
RECORDER

1

# A-v.

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT DEPARTMENT OF THE TRIAL COURT

**Hampden, ss.**

Case # _____

| | | |
|---|---|---|
| **CITY OF WESTFIELD,** | ) | |
| **Plaintiff** | ) | |
| | ) | **COMPLAINT** |
| **v.** | ) | |
| | ) | |
| **ARTHUR L. CLARK, and** | ) | |
| **RITA M. CLARK** | ) | |
| **Defendants** | ) | |

Pursuant to an order of this Court dated December 18, 1999, the City of Westfield now brings this action to try title to a fifty foot wide parcel of land that is located around the perimeter of a pond in Westfield known as Chapin Pond.

1.  The plaintiff City of Westfield ("City") is a municipal corporation in the Commonwealth of Massachusetts with offices at 59 Court Street, Westfield, Massachusetts.

2.  The defendants Arthur L. Clark and Rita M. Clark ("the Clarks") are husband and wife and reside at 1804 East Mountain Road, Westfield, Massachusetts.

3.  The property that is the subject of this action ("the Property") is a parcel of land that is approximately fifty (50) feet in width. It is a buffer parcel around the perimeter of Chapin Pond, a pond located west of East Mountain Road in Westfield, Massachusetts.

4.  The City has ownership of the Property by way of a deed from William Cunningham to the City dated March 14, 1939 and recorded at the Hampden County Registry of Deeds in Book 1671 at Page 349. (A copy of the deed is attached as Exhibit A.)

5.  The Clarks own a parcel that surrounds the Property.

6.  The City has consistently maintained the Property over the years, including the construction of a dam.

7.  The Property is identified on City Assessor's maps as property formerly owned by Cunningham (See Exhibit B).

8. The Property is identified on City Assessor's maps as currently owned by the City.

9. The Clarks have long recognized the City's claim to ownership.

10. Mr. Clark has recognized the City's control and ownership by his actions, including several appearances before the City's Board of Water Commissioners which manages the property.

11. The Clarks have recognized the City's control and ownership by representations, negotiations, and agreements, conducted by and through their former legal counsel, throughout 1985 and 1986. (See letters dated September 1985, May 1986, and September 1986, attached as Exhibits C, D, and E.)

Respectfully Submitted,
City of Westfield

By: *Mary Jane Eustace*

Mary Jane Eustace, Esq.
Assistant City Solicitor
City of Westfield
59 Court Street
Westfield, MA 01085
(413) 572-6260
BBO# 561321

## Certificate of Service

I, Mary Jane Eustace, Esq., hereby certify that a copy of the above document has been mailed, first class, postage prepaid to William J. Pudlo, Esq., P. O. Box 676, West Springfield, MA 01090.

2/26/99

Date

*Mary Jane Eustace*

Mary Jane Eustace, Esq.

2

# A-vi.

COMMONWEALTH OF MASSACHUSETTS
LAND COURT DEPARTMENT OF THE TRIAL COURT

Hampden, ss.

CITY OF WESTFIELD,          )
Plaintiff                   )
                            )
        v.                  )          DEFENDANTS' ANSWER
                            )
ARTHUR L. CLARK and         )
RITA M. CLARK, Defendants   )

RECEIVED
JUN 02 1999
LAW

Now come the Defendants in the above captioned matter and answer the Plaintiff's Complaint as follows:

1. The Defendants admit the allegations of paragraph 1 of the Complaint.

2. The Defendants admit the allegations of paragraph 2 of the Complaint.

3. The Defendants admit so much of paragraph 3 of the Complaint as describes a 50 foot strip around Chapin Pond, so-called, but further answering cannot admit or deny the extent to which this strip consistently borders said Chapin Pond.

4. The Defendants deny the allegations of paragraph 4 of the Complaint.

5. The Defendants admit that a portion of their land abuts the so-called "property" and deny any further allegations set forth in paragraph 5 of the Complaint.

6. The Defendants are without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint, and further answering state that the Plaintiff has attempted to abandon the "property" since at least 1990.

7. The Defendants admit that the said former Assessors' Map discloses the name of Cunningham as a former owner, but deny that any title vests through such a notation.

8. The Defendants admit that the said present Assessors' Map discloses the name of the City of Westfield as owner, but deny that any title vests through such a notation.

9. The Defendants deny the allegations of paragraph 9 of the Complaint.

10. The Defendants deny the allegations of paragraph 9 of the Complaint.

11. The Defendants admit that the letters referred to in paragraph 11 of the Complaint but dent that these letters acknowledge record title ownership, but rather an assertion of ownership by the said City and Plaintiff herein.

### First Affirmative Defense

The Plaintiff, City of Westfield, has no evidence to form a believable basis that the lands referred to in deed of William Cunningham recorded in Book 1671, Page 349 contain any fee title to land now abutting Chapin Pond, so-called.

### Second Affirmative Defense

Since 1990, the City, through its Water Department, has attempted to abandon any and all claims of ownership to the "property" in question.

### Third Affirmative Defense

The Defendants and their predecessors in title have used and occupied the "property" in question openly, notoriously and adversely to the claims of the Plaintiff for more than 21 years, therefore the Defendants have acquired the "property" by adverse possession.

The Defendants,
By their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

I, William J. Pudlo, certify that I have served a copy of the above pleading upon the Plaintiff by mailing a copy of the same, postage prepaid, to Mary Jane Eustace, Asssitant City Solicitor, City of Westfield, 59 Court Street, Westfield, Mass. 01085.

Dated: May 19, 1999

William J. Pudlo

\win\word\clarktitleanswer

# B-i.

COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Case # __02–935__

GOLDEN ACRES DEVELOPMENT CORP.    )
and THEODORE F. PEREZ              )
Plaintiffs                        )
                                  )
vs.                               )        COMPLAINT
                                  )
BOARD OF WATER COMMIISSIONERS OF  )
THE CITY OF WESTFIELD             )
Defendants

1.   Plaintiff GOLDEN ACRES DEVELOPMENT CORP., is a duly organized Massachusetts corporation with a principal place of business at 93 Fairway Drive, Chicopee, Massachusetts 01020-4910.

2.   Plaintiff THEODORE F. PEREZ is a natural person residing at 34 Zephyr Drive, Westfield, Massachusetts 01085.

3.   The Defendant BOARD OF WATER COMMISSIONERS OF THE CITY OF WESTFIELD is located at 59 Court Street, Westfield, Massachusetts 01085 and consist of the following members:

     a)  Jana Catuccio, Chairman, who resides at 7 Hawthorne Avenue, Westfield, Massachusetts.
     b)  Lee Perez, Secretary, who resides at 12 Malone Avenue, Westfield, Massachusetts 01085.
     c)  Joseph Spagnoli, Jr., Member, who resides at 52 Mockingbird Lane, Westfield, Massachusetts 01085.

4.   Plaintiffs are the developers of a proposed subdivision of single family homes entitled "Fairway Club Estates to be constructed off East Mountain Road and Elise Street in Westfield, Massachusetts.

5.   Plaintiff applied for and/or requested that the defendant supply municipal water to the proposed "Fairway Club Estates" development.

**MOIR & ROSS**
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

6.    On July 10, 2002 the defendant voted to deny municipal water to the proposed "Fairway Club Estates" development.

7.    This action is brought pursuant to G.L. c. 249, s. 4.

8.    The defendant acted in a judicial or quasi-judicial proceeding; plaintiffs have no other reasonably adequate remedies and plaintiffs have suffered a substantial injury or injustice.

9.    There are certain errors at law in the defendant's decision and/or the decision otherwise violated Massachusetts law.

10.    Defendant furthermore has denied plaintiffs equal protection under the laws and Constitution of the United States and Commonwealth of Massachusetts.

WHEREFORE PLAINTIFFS DEMAND:

1)  That the Court order the defendant to certify the records of the proceeding to this Court.

2)  That this Court set aside the decision of the defendants and order that municipal water service the development.

3)  That this Court find that the defendant violated plaintiffs' rights of equal protection under the laws and Constitution of the United States and Commonwealth of Massachusetts.

4)  Such other relief as is just and equitable.

THE PLAINTIFFS
By their attorney

Dated:  September 6, 2002

Bradford B. Moir, Esq.
MOIR & ROSS
45 Broad Street, Suite 2
Westfield, MA 01085-5200
BBO #350600
Telephone: 413-568-1957
Fax: 413-562-4691

MOIR & ROSS
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

# COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**

A TRUE COPY ATTEST

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
DEPUTY SHERIFF

CIVIL ACTION
NO. 02: 932

Golden Acres Development Corp.
and Theodore F. Perez
_____, PLAINTIFF(S)

V.

Board of Water Commissioners of
the City of Westfield
_____, DEFENDANT(S)

**SUMMONS**

To the above named defendant:    Charles L. Darling,
Water Superintendent

You are hereby summoned and required to serve upon
Bradford B. Moir

45 Broad St., Westfield, MA 01085 _____, plaintiff's attorney, whose address is
_____, an answer to the complaint which is herewith served upon
you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before
service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ___sixth (6th)___
___September___ in the year of our Lord two thousand two. _____ day of

Clerk / Magistrate

**NOTICE TO DEFENDANT** -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

# B-ii.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: 02-932

GOLDEN ACRES DEVELOPMENT      )
CORP. and THEODORE F. PEREZ,  )
              Plaintiffs,    )
                                )
      vs.                        )
                                )
BOARD OF WATER COMMISSIONERS  )
OF THE CITY OF WESTFIELD,     )
             Defendant.       )

## DEFENDANT'S MOTION TO DISMISS

       Comes now the Defendant in the above-styled cause and, pursuant to Mass. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) does hereby move the Court for an order to enter dismissing Plaintiffs' Complaint.

       This motion is supported by good cause in that the Court lacks subject matter jurisdiction, lacks in personam jurisdiction, service of process is insufficient and the Complaint fails to state a claim upon which relief can be granted. The grounds set forth in the instant motion are more fully stated in the Memorandum which accompanies this motion and is filed concurrently herewith.

                                      BOARD OF WATER COMMISSIONERS
                                      OF THE CITY OF WESTFIELD

Date: October 3, 2002

By: _____
       Peter H. Martin
       Assistant City Solicitor
       City of Westfield
       59 Court Street
       Westfield, MA 01085
       (413) 572-6260
       BBO# 552020

## ORAL HEARING REQUESTED

Oral hearing is requested pursuant to Superior Court Rule 9A(c)(3).

Peter H. Martin

## CERTIFICATE OF COMPLIANCE WITH TIME STANDARDS

I hereby certify that the foregoing motion is served within the time standards provided therefore.

Peter H. Martin

## CERTIFICATE OF SERVICE

I, Peter H. Martin, hereby certify that on this 3rd day of October, 2002, I caused to be placed in the U.S. Mail, first class, postage prepaid, a copy of the foregoing document addressed to Bradford B. Moir, Esq., Moir & Ross, 45 Broad Street - Suite 2, Westfield, MA 01085-5200.

Peter H. Martin

# B-iii.

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                          **SUPERIOR COURT DEPARTMENT**
                                     **OF THE TRIAL COURT**
                                     **CIVIL ACTION NO.:  02-932**

---

**GOLDEN ACRES DEVELOPMENT** )
**CORP. and THEODORE F. PEREZ,** )
                    **Plaintiffs,** )
                                    )
    **vs.**                          )
                                    )
**BOARD OF WATER COMMISSIONERS** )
**OF THE CITY OF WESTFIELD,** )
                    **Defendant.** )

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

### I.

### PRELIMINARY STATEMENT

Defendant Board of Water Commissioners of the City of Westfield (hereinafter "Board")

consists of three members who have the charge, control and management of the Westfield Water

Department, the waterworks and the public water supply.  See Exhibit "A," relevant portion of

Westfield City Charter, as amended – Acts of 1920, c. 294 at §8 (20); and Exhibit "B," Westfield

Code of Ordinances, §§18-41 -- 18-154 at §18-45, 18-46.  The three members are appointed by

the Mayor subject to confirmation by the City Council.  Exhibit "B," §18-42.  The Board may

make rules and regulations.  Id. at §18-47.  The Board has done so.  Exhibit "C," City of

Westfield Water Department Rules and Regulations adopted April 11, 2001.

Plaintiffs allege they are "the developers of a proposed subdivision" who have "applied

for and/or requested that the defendant supply municipal water to the proposed ... subdivision."

Exhibit "D," Complaint, paragraphs 4, 5. The Water Department Rules and Regulations contemplate such requests. See Exhibit "C" at §§IV. and VIII. The decision to grant or deny such requests is discretionary under the regulations. No hearing is contemplated. No mechanism to appeal from adverse action is provided.

II.

## LEGAL STANDARD FOR MOTION TO DISMISS

For purposes of reviewing disposition of a motion to dismiss under Rule 12(b)(6), the factual allegations of the complaint, as well as such inferences as may be drawn therefrom in the Plaintiffs' favor, are to be taken as true. Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998), Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). Nonetheless, the sufficiency of a complaint to state a viable claim may be tested by a motion made pursuant to Mass. R. Civ. P. 12(b)(6), Smith v. Massimiono, 414 Mass. 81, 85 (1993). A defendant may properly challenge a plaintiff's standing to raise a claim by bringing a motion to dismiss under Mass. R. Civ. P. 12(b)(1) or 12(b)(6). Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 (1998). Standing is considered to be an issue of subject matter jurisdiction. Id.[1] When lack of personal jurisdiction is raised by motion under Mass. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing facts on which to predicate jurisdiction. Windsor v. Windsor, 45 Mass. App. 650, 652, 653 (1998).

---

[1] Unlike with a Mass. R. Civ. P. 12(b)(6) motion for failure to state a claim upon which relief can be granted, the Court may consider materials beyond the scope of the pleadings with a Mass. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction. Id. at n. 6.

2

III.

## COMPLAINT FAILS TO STATE CLAIM UPON
## WHICH RELIEF MAY BE GRANTED

Plaintiffs allege at numbered paragraph 7 of the complaint that this action is brought pursuant to G.L. c. 249, §4. Ex. "D," paragraph 7. Such an action is known as a "civil action in the nature of certiorari." G.L. c. 249, §4. Although certiorari is provided by G.L. c. 249, §4, its origins are in the common law. Boston Edison Co. v. Board of Selectmen of Concord, 355 Mass. 79, 82 (1968). The requisite elements for availability of certiorari are (1) a judicial or quasi-judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review. Warren v. Hazardous Waste Facility Site Safety Council, 392 Mass. 107, 117 (1984), citing Boston Edison Co., supra. Plaintiffs' complaint makes bare bones allegations asserting: "judicial or quasi-judicial proceeding," "no other reasonably adequate remedies," and "suffered a substantial injury or injustice." Ex. "D," paragraph 8. As noted at Heading I, supra, Plaintiffs allege they are developers of a proposed subdivision who have applied for and/or requested the Defendant to supply municipal water to the proposed subdivision. Plaintiffs further allege that the Defendant voted to deny water service. Ex. "D," paragraph 6.

The pleading is defective on its face as the action of the Board complained of was not a judicial or quasi-judicial proceeding. Although Plaintiff has made the conclusory allegation that it is, in ruling on a motion to dismiss under Rule 12(b)(6) courts will not accept legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000).

> The rule that we accept [Schaer's] well-pleaded factual averments and indulge every reasonable inference hospitable to [his] case, does not entitle [him] to rest

3

on "subjective characterizations" or conclusory descriptions which could be dominated by unpleaded facts.

Id. at 477, 478.

The action of the Board to deny water service to serve a proposed subdivision is not the act of a judge, it is the act of an administrator or policy-maker. A writ of certiorari lies only to correct the errors and restrain the excesses of jurisdiction of inferior courts or officers acting judicially. Clark v. City Council of Waltham, 328 Mass. 40, 41 (1951). The decision to provide or not provide water service is discretionary and requires no hearing. As such, certiorari will not lie. First Church of Christ, Scientist v. Alcoholic Beverages Control Commn., 349 Mass. 273, 275 (1965). Certiorari is a limited procedure which may be used to correct substantial errors of law committed by a judicial or quasi-judicial tribunal but not administrative, political or legislative decisions. St. Botolph Citizens Committee, Inc. v. Boston Redevelopment Authority, 429 Mass. 1, 7 (1999).

IV

THE COURT LACKS SUBJECT MATTER
JURISDICTION AS PLAINTIFFS HAVE NO STANDING

A defendant may properly challenge a plaintiff's standing to raise a claim by bringing a motion to dismiss under Mass. R. Civ. P. 12(b)(1) or (6). Ginther v. Commissioner of Insurance, 427 Mass. supra at 322.

Plaintiffs allege they are "the developers of a proposed subdivision" who have "applied for and/or requested that the defendants supply municipal water to the proposed ... subdivision." Ex. "D," paragraphs 4, 5. They allege that their request has been denied. Ex. "D" at 6. Plaintiffs, however, have made no allegation that the Board had an obligation to provide them

4

with water service nor have they alleged any basis for any duty of the Board to consider providing such water service.

Alleging injury alone is not enough; a plaintiff must allege a breach of duty owed to it by the public defendant. Id. at 323. Injuries that are speculative, remote and indirect are insufficient to confer standing. Id.

V.

COURT LACKS PERSONAL JURISDICTION AS PLAINTIFFS<br>HAVE FAILED TO PROPERLY EFFECTUATE SERVICE OF PROCESS

Plaintiffs commenced this action by filing the Complaint with the Clerk on or about September 6, 2002. See documents of record in court file.[2] As of the date of service of the motion to dismiss, Plaintiff had served process to the Defendant solely by hand delivery to Charles Darling, Water Superintendent, a City employee hired by the Board. See documents of record in court file; see also Ex. "B" at 18-72. That is not sufficient service of process. Effective service is the keystone to a court's personal jurisdiction over a defendant. Garden Homes, Inc. v. Mason, 238 F. 2d 651, 653 (1956).

The Board runs the City Water Department. Its members are appointed by the Mayor of Westfield and confirmed by the City Council. Ex. "B" at 18-42. Absent legislative authority a board such as this is not a governmental entity that can sue or be sued. See, e.g. Latino Political Action Committee, Inc. v. City of Boston, 581 F. Supp. 478, 484 (1984). The proper party defendant would be the municipal corporate entity, the City of Westfield. Zegouros v. City Council of Fitchburg, 381 Mass. 424, 425 (1980).

The proper way to serve process on a City is by delivering a copy of the summons and of the complaint to the city treasurer or the city clerk; or by leaving copies at the office of the city

---

[2] Judge may take judicial notice of court records. Jarosz v. Palmer, 436 Mass. 526 (2002).

5

treasurer or city clerk with the person then in charge thereof. Mass. R. Civ. P. 4(d)(4). This was

not done. The Complaint is due to be dismissed.

VI

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint is due to be dismissed.

**BOARD OF WATER COMMISSIONERS**
**OF THE CITY OF WESTFIELD**

Date:  October 3, 2002                    By:  _____

Peter H. Martin
Assistant City Solicitor
City of Westfield
59 Court Street
Westfield, MA  01085
(413) 572-6260
BBO# 552020

<u>**CERTIFICATE OF SERVICE**</u>

I, Peter H. Martin, hereby certify that on this 3rd day of October, 2002, I caused to be placed in the U.S. Mail, first class, postage prepaid, a copy of the foregoing document addressed to Bradford B. Moir, Esq., Moir & Ross, 45 Broad Street - Suite 2, Westfield, MA  01085-5200.

_____
Peter H. Martin

6

# B-iv.

# COMMONWEALTH OF MASSACHUSETTS

### Trial Court of the Commonwealth

Hampden, ss.

SUPERIOR COURT DEPARTMENT
Civil Action No.:  02-932

---

GOLDEN ACRES DEVELOPMENT CORP.
and THEODORE F. PEREZ
Plaintiffs

vs.

BOARD of WATER COMMISSIONERS of
THE CITY of WESTFIELD
Defendant

---

PLAINTIFFS' OPPOSITION TO
DEFENDANTS'
MOTION TO DISMISS

NOW COME THE PLAINTIFFS in opposition to the defendant's motion to dismiss the plaintiff's complaint.  The Defendant seeks a dismissal pursuant Mass. R. Civ. P. 12(b)(1), (2), and (6) based on lack of subject matter jurisdiction, lack of personam jurisdiction, insufficient service of process and failure to state a claim upon which relief can be granted.

### BACKGROUND

Plaintiffs are owners and developers of land off East Mountain Road in Westfield, Massachusetts, and applied for and requested public water from the Defendant. The Defendant voted on July 10, 2002 to deny Plaintiffs municipal water and Plaintiffs brought this action under G.L. c. 249 §4, otherwise a civil action in the nature of certiorari, service was effected on the chairperson and the water superintendent.

The complaint also alleged equal protection under the United States and Massachusetts Constitution.

### FAILURE TO STATE A CLAIM UPON
### WHICH RELIEF MAY BE GRANTED

G. L. 249 §4 is a most perplexing legal action. Defendant argues that the action of the Defendants was not a "judicial or quasi-judicial proceeding", as required under the statute.

Certiorari has been determined to cover actions to correct substantial errors of law apparent on the record which adversely effect material rights of the Plaintiff <u>Carney</u> v. <u>City of</u>

MOIR & ROSS
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

Springfield   532 NE² 631, (1988). Defendant cites various cases that appear not on point including the St. Botolph Citizen Committee, Inc. v. Boston Redevelopment Authority, 429 Mass. 1 (1999), which were decided on the basis that other remedies were available.

It appears that the City of Westfield Water Department Rules and Regulations vest the board with the authority and grants the board the discretion of granting or denying an extension of a water main. This authority to grant or deny can only be viewed as an adjudication. Defendant admits that there is no mechanism to appeal the decision of the Defendant, claims the decision to grant or deny is discretionary, and no hearing is contemplated.

The case on point appears to be Johnson Prods., Inc. v. City Council of Medford, 353 Mass. 540, 233 N.E.2d 316 (1968). The court held in Johnson Prods. that "when a party is aggrieved by a discretionary decision of a local licensing authority, the party must either appeal under a statute which specifically provides a right of appeal from the decision, *or if no right of appeal is so provided*, to petition for a writ of certiorari." [emphasis added]. The court reaffirmed the holding of Johnson Prods. and expressly refused to overrule the decision in an more recent case, Bermant v. Board of Selectman of Belchertown, 425 Mass. 400, 681 N.E.2d. 830, (1997). By the defendants own admission, the boards decision is final by statute. Defendant argues that the writ of certiorari is not an available course of action against the defendant, but quite to the contrary, the cases indicate that it may be the only available action.

The action of the Board to deny water has a profound and substantial impact on the Plaintiffs in that approximately 50 less building lots would be able to be created.

Mass. R. Civ. Pr. Rule 8(a) only requires "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled."

Certiorari clearly applies to certain administrative decisions. See Yerardis Moody St. Rest. v. Bd of Selectmen of Randolph 473 NE² 1154 (1985).

The right to have municipal water or not has to be subject to some standard and since there is no professed appeal right, certiorari should apply.

MOIR & ROSS
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

2

Finally, if certiorari is not the appropriate remedy, then Plaintiffs' complaint should be deemed a complaint for declaratory judgment. Stetson v. Bd of Selectmen of Carlisle 343 NE² 381 (1976).

## PLAINTIFFS' STANDING

Plaintiffs have alleged a substantial injury, denial of municipal water service, violation of Massachusetts' law and violation of equal protection under United States and Massachusetts Constitution.

Defendant claims Plaintiffs must allege an obligation or a basis for a duty of the Board to supply water service. Plaintiffs appear to have alleged sufficient facts, however if more specifics are requires, then Plaintiffs request time within which to amend its complaint to allege such.

## PERSONAL JURISDICTION AND
## SERVICE OF PROCESS

Plaintiffs have served both the Water Superintendent and the Chairperson of the Board. The Board of Water Commissioners of the City of Westfield is created under a special act City Charter and are given "charge, control and management of the waterworks and water supply...", "shall have the powers and perform the duties conferred or improved upon water commissioner by Chapter 322 of the Acts of 1897 ... and by any other provision of the general laws of the commonwealth" Charter sec. 18-45.

The board also has the "power to establish rules and regulations for the introduction, supply, and use of water" Charter sec. 18-48.

Chapter 322 of the Act of 1873 states that "The rights, powers and authorization granted to the Town of Westfield by the act, shall be vested in and exercised by a board of water commissioners..." (sec. 5).

Furthermore, the cases of Lucia v. Water and Sewer Commissioner of Medford, 125 NE² 776 (1955) and Henry B. Byors & Sons, Inc. v. Board of Water Commissioners of Northborough 264 NE² 657 (1970) involve water department issues and both actions named the appropriate board.

3

Mass. R. Civ. Pr. Rule 4(d)(5) allows service upon a ... "board ... or similar entity, subject to suit under a common name, by delivering a copy of the summons and of the complaint to the chairman or other chief executive officer; or by leaving such copies at the office of the said entity with the person then in charge thereof ...".

The Defendant claims Plaintiffs should have named the City of Westfield as a defendant and serve those persons listed in Mass. R. Civ. Pr. Rule 4(d)(4).

The Defendant is charged with the exclusive and sole authority over those issues that the Plaintiffs have raised. The City of Westfield has no authority over access to water, other than through its Board of Water Commissioners.

If this Court believes that the City of Westfield must be added as a defendant, and the Treasurer or City Clerk served, then Plaintiffs request additional time to amend their complaint and effect service. Please note that the tracking order allowed until 12/05/02 to effect such.

## EQUAL PROTECTION CLAIM

Plaintiffs have raised a claim of denial of equal protection under the laws based on the intentional act of the Defendants in denying them public water where in all other known cases public water has been provided.

## CONCLUSION

Plaintiffs have brought this action in the nature of certiorari in order to review a decision of the Defendant water board who has the exclusive control over municipal water. Appropriate officials have been served. Plaintiffs request this Court deny Defendant's motion or in the alternative allow Plaintiffs to amend their complaint to add the City of Westfield, serve the additional party and treat the complaint as one for declaratory judgment.

**MOIR & ROSS**
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

4

THE PLAINTIFFS
By their attorney

Dated:  October 17, 2002

Bradford B. Moir
MOIR & ROSS
45 Broad Street, Suite 2
Westfield, MA 01085-5200
BBO #350600
Telephone: 413-568-1957
Fax: 413-562-4691

## CERTIFICATE OF SERVICE

I, Bradford B. Moir, Esq., hereby certify that I made service of the foregoing Plaintiffs' Opposition to Defendant's Motion to Dismiss by hand delivering a copy of such to:

Peter H. Martin
Assistant City Solicitor
City of Westfield
59 Court Street
Westfield, MA 01085

Dated:  October 17, 2002

Bradford B. Moir, Esq.

**MOIR & ROSS**
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

5

# B-v.

HAMPDEN, ss.                                                SUPERIOR COURT
                                                            CIVIL ACTION NO. 02-932

GOLDEN ACRES DEVELOPMENT CORP.
and THEODORE F. PEREZ,
        Plaintiffs

                v.

BOARD OF WATER COMMISSIONERS
OF THE CITY OF WESTFIELD,
        Defendant



                MEMORANDUM AND ORDER ON THE DEFENDANT'S
                         MOTION TO DISMISS


        The plaintiffs, under G.L. c. 249, section 4, have sued the defendant Board of Water
Commissioners of the City of Westfield ("Board"). The Board has moved to dismiss the
plaintiffs' complaint against it under various provisions of Mass. R. Civ. P. 12. I held a hearing
on the motion on November 5, 2002. Because I agree with the Board that the relief in the nature
of certiorari is not available to the plaintiffs, the motion to dismiss is ALLOWED, without
reaching the alternative grounds argued by the Board, and without prejudice to the plaintiffs re-
filing their complaint if they find a permissible basis to do so.

        Shorn to its essentials, the plaintiffs allege that, as developers of a proposed subdivision
of single family homes in Westfield, they "applied for and/or requested" that the Board supply
municipal water to their development. Complaint, paragraphs 4, 5. The Board voted to deny the
plaintiffs' "application and/or request", id., paragraph 6. The plaintiffs assert (unspecified) errors
of law in the Board's decision "and/or [that] the decision otherwise violated Massachusetts law,
and allege that the Board "denied plaintiffs equal protection under the laws and Constitution of
the United States and Commonwealth of Massachusetts", id., paragraphs 9, 10. Plaintiffs bring
their suit "pursuant to G.L. c. 249, s.4." Id., paragraph 7.

        "The requisite elements for availability of certiorari are (1) a judicial or quasi-judicial
proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or
injustice arising from the proceeding under review." Walpole v. Secretary of the Executive
Office of Environmental Affairs, 405 Mass. 67, 72 (1989) quoting Boston Edison Co. v.
Selectmen of Concord, 355 Mass. 79, 83 (1968). Actions that are discretionary and require no
hearing are not reviewable on a writ of certiorari. Walpole, 405 Mass. at 73; see also First
Church of Christ, Scientist v. Alcoholic Beverages Control Commission, 349 Mass. 273, 274

6

(1965).[1] Here, the plaintiffs' request that municipal water be supplied to their subdivision is entirely discretionary with the Board and no hearing is required. This is demonstrated by Westfield's charter, its relevant ordinances, and its water department's rules and regulations. The water department's rules and regulations, which seem to be the only rules and regulations that address the extension of water service, specifically provides that "[t]he Board shall be under no obligation at any time to make any extensions to existing water lines." Accordingly, no relief in the nature of certiorari lies, and the Board's motion to dismiss is hereby ALLOWED.[2]

Thomas J. Curley, Jr.
Justice of the Superior Court

November 19, 2002

---

[1] I presume that this is so because "[i]n an action in the nature of certiorari brought under G.L. c. 249, [section] 4, '[a] court will correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff.'" Massachusetts Bay Transportation Authority v. Auditor of the Commonwealth, 430 Mass. 783, 790 (2000)(quoted and cited cases omitted). Accordingly, where a decision is entirely discretionary, as here, and where, as here, a hearing was neither required nor held, no relief in the nature of certiorari would ever lie.

[2] I acknowledge that "[a] complaint is sufficient against a motion to dismiss if it appears that plaintiff may be entitled to any form of relief, even though the particular form of relief he had demanded and the theory on which he seems to rely may not be appropriate. Therefore, all that a plaintiff need do to resist a motion is present a complaint that does no more than sketch the bare silhouette of a cause of action." Fabiano v. Boston Redevelopment Authority, 49 Mass. App. Ct. 66, 70-71 (2000)(quoted cases omitted). But I do not think that the allegations in paragraphs nine and ten, (that the Board's decision "otherwise violated Massachusetts law" and denied the plaintiffs "equal protection under the laws and Constitution of the United States and Commonwealth of Massachusetts") given the lack of any factual support for those allegations, suffices even under this test. See Schaer v. Brandeis University, 432 Mass. 474, 477-478 (2000).

# Commonwealth of Massachusetts
## County of Hampden
## The Superior Court

CIVIL DOCKET# HDCV2002-00932

**Golden Acres Development Corp et al**

**vs**

**Water Commissioners of the City of Westfield**

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

NOV 2 5 2002

CLERK-MAGISTRATE

## JUDGMENT ON MOTION TO DISMISS
### (Mass.R.Civ.P. 12b)

This action came on for hearing before the Court, Thomas J. Curley, Justice upon the Defendant's, Board of Water Commissioners of the City of Westfield, motion to dismiss pursuant to Mass. R.Civ.P. 12(b), and upon consideration thereof,

It is **ORDERED** and **ADJUDGED**:

That the Complaint of the plaintiff (s), Golden Acres Development Corp, Theodore F Perez is hereby dismissed against the defendant (s), Board of Water Commissioners of the City of Westfield, and the defendant(s) recovers its costs of action.

Dated at Springfield, Massachusetts this 20th day of November, 2002.

Marie G. Mazza,
Clerk of the Courts

By: _William T. Eason_

Assistant Clerk

Copies mailed 11/20/2002

cvdjud12b_1.wpd 388824 1zidoc01 easonwil

7

# C-i.

# COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.

LAND COURT DEPARTMENT
OF THE TRIAL COURT
Case # 287055



**APPEAL OF DEFINITIVE
SUBDIVISION DISSAPROVAL
AND COMPLAINT FOR
DECLARATORY JUDGMENT**

## PARTIES

1.  Plaintiff GOLDEN ACRES DEVELOPMENT CORP., is a duly organized Massachusetts corporation with a principal place of business at 93 Fairway Drive, Chicopee, Massachusetts.

2.  Plaintiff THEODORE F. PEREZ is a natural person residing at 34 Zephyr Drive, Westfield, Massachusetts.

3.  The Defendant BOARD of WATER COMMISSIONERS of the City of Westfield is located at 59 Court Street, Westfield, Massachusetts and consist of the following members:

    a) Jana Catuccio, Chairman, who resides at 7 Hawthorne Avenue, Westfield, Massachusetts, 01085.
    b) Lee Perez, Secretary, who resides at 12 Malone Avenue, Westfield, Massachusetts 01085.
    c) Joseph Spagnoli, Jr., Member, who resides at 52 Mockingbird Lane, Westfield, Massachusetts 01085.

4.  Defendants Lynn Boscher, (Chairperson) Carol Berti, Kevin Bowler, Phillip McEwan, Anthony Petrucelli and Randall Racine are members of the Planning Board of the City of Westfield and reside in Westfield, Massachusetts as follows:
    - Lynn Boscher, 30 Mill Street,

MOIR & ROSS
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

- Carol Berti, 58 Deer Path Lane,
- Kevin Bowler, 22 Ridgecrest Drive,
- Phillip McEwan, 153 Western Ave.,
- Anthony Petrucelli 14 Elizabeth Ave., and
- Randall Racine, 52 East Glen Drive.

5.    Defendant City of Westfield is a Massachusetts municipal corporation.

6.    Plaintiffs are the developers of a proposed subdivision of single family homes entitled "Fairway Club Estates" to be constructed off East Mountain Road and Elise Street in Westfield, Massachusetts.

7.    Plaintiffs applied for definitive subdivision approval for the subdivision known as "Fairway Club Estates" as shown on a plan prepared by D.L. Bean, Inc. dated September 30, 2002 covering real estate in Westfield, Hampden County, Massachusetts.

8.    On January 7, 2003 the Planning Board of the City of Westfield voted to deny approval of the definitive subdivision plan submitted by the plaintiffs entitled "Fairway Club Estates", INTERALIA, that the submission did not comply with applicable planning board rules and regulations.

9.    The decision denying approval of the plan entitled "Fairway Club Estates" was filed with the City Clerk of Westfield on January 9, 2003, a copy of that decision attached hereto as Exhibit 1 and incorporated by reference.

10.   The Planning Board of the City of Westfield has adopted rules and regulations governing subdivisions.

11.   The Planning Board of the City of Westfield has waived its rules and regulations under circumstances similar to plaintiffs but refused to waive such for plaintiffs' subdivision entitled "Fairway Club Estates".

12.   The Planning Board of the City of Westfield is requiring plaintiffs' subdivision entitled "Fairway Club Estates" to conform to an unreasonable application of its rules and regulations.

13.   The decision of the Planning Board of the City of Westfield exceeds the authority of the board, and or is based on a legally untenable ground and/or is unreasonable, whimsical, capricious, arbitrary or not grounded in fact. Furthermore, the board failed to follow its own rules and regulations and/or refused to waive said rules and regulations where such has been previously waived.

14.   The Planning Board of the City of Westfield in its decision failed to state how the definitive subdivision plan can be made to comply with the applicable rules and regulations.

MOIR & ROSS
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

Wherefore, Plaintiffs Demand:

1. That this Honorable Court annul the decision of the Planning Board and order the plan approval.
2. That this Honorable Court find that the decision of the Planning Board violates the boards own rules and regulations and either annul said decision or order the violations corrected.
3. That this Honorable Court make such other decrees or orders as justice and equity may require, including any remand to the Planning Board.

<u>Count II</u>

15.  Plaintiff applied for and/or requested that the defendant City of Westfield through its Board of Water Commissioners to supply municipal water to the proposed "Fairway Club Estates" development.

16.  On July 10, 2002 the defendant City of Westfield through its Board of Water Commissioners voted to deny municipal water to the proposed "Fairway Club Estates" development. Moreover, the Board of Water Commissioners rules and regulation fail to provide further appeal or review of such decision and the plaintiffs only avenue of appeal is through a court of law.

17.  This action is brought pursuant to the Uniform Declaratory Judgment Act, M.G.L. 231A.

18.  Pursuant to the City of Westfield Planning Board Rules and Regulations, the plaintiffs are required to tie into existing water, sewer and fire protective system, within a reasonable distance.

19.  The defendant Board of Water Commissioners through their consultant has determined that sufficient water and pressure exists to service the plaintiffs proposed subdivision, and that the actual water pressure would be enhanced by the plaintiffs development plan.

20.  As a result of the defendant Board of Water Commissioners of the City of Westfield's decision to deny water to the plaintiffs proposed development, plaintiffs would lose 90 building lots and will be unable to develop the land and will suffer a financial loss. Furthermore, plaintiffs allege that they are entitled to public water for this project but the defendant Board of Water Commissioners has illegally denied such.

21.  The decision of the Board of Water Commissioners of the City of Westfield exceeds the authority of the board, and or is based on a legally untenable ground and/or is unreasonable, whimsical, capricious, arbitrary or not grounded in fact. Furthermore, the board failed to follow its own rules and regulations and/or refused to waive said rules and regulations where such has been previously waived. Furthermore, the defendant

Board of Water Commissioner abused its discretion by denying the plaintiffs water for the proposed subdivision.

WHEREFORE PLAINTIFFS DEMAND:

1. A declaratory judgment setting forth whether or not the plaintiffs are entitled to municipal water for their definitive subdivision entitled "Fairway Club Estates";
2. A declaratory judgment setting forth whether or not the defendant Board of Water Commissioners of the City of Westfield exercised an abuse of discretion by denying water to the plaintiffs definitive subdivision entitled "Fairway Club Estates".
3. That this Court set aside the decision of the defendant Board of Water Commissioners and order that municipal water service the development.
4. Such other binding declarations of right to which by the terms of the laws of the Commonwealth the plaintiff is entitled;
5. Such other relief as is just and equitable.

THE PLAINTIFFS
By their attorney

Dated: January 24, 2003

Bradford B. Moir, Esq.
MOIR & ROSS
45 Broad Street, Suite 2
Westfield, MA 01085-5200
BBO #350600
Telephone: 413-568-1957
Fax: 413-562-4691

William J. Pudlo, Esq.
The Law Offices of William J. Pudlo, P.C.
PO Box 676
West Springfield, MA 01090
BBO# 407640
Telephone: 413-739-4000
Fax 413-739-4620

MOIR & ROSS
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

# C-ii.

# COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF THE TRIAL COURT

SUFFOLK, ss.

LAND COURT DEPARTMENT
Misc. Case No: 287055



**NOTICE TO CITY CLERK
PURSUANT TO
M.G.L. c.** 41 5. 81BB



RECEIVED
JAN 29 2003
2:30PM GR
WESTFIELD CITY CLERK

**TO CITY OF WESTFIELD CITY CLERK:**

**RE:    Westfield Planning Board,
         Definitive Subdivision, Disapproval**

Please take notice that the Plaintiffs in the above captioned matter have filed an appeal with the Land Court Department of the Commonwealth of Massachusetts, Misc. Case No. 287055. Said appeal is regarding a decision entered by the Westfield Planning Board, a copy of the complaint is attached hereto.

The Plaintiffs
By their attorneys

Bradford B. Moir, Esq.
MOIR & ROSS
45 Broad Street
Westfield, MA 01085
Tel.413.568.1957, Fax.562.4691
BBO #350600

January 29, 2003



RECEIVED
JAN 29 2003
LAW



**MOIR & ROSS**
Law Offices
45 Broad Street
Westfield, Massachusetts

(413) 568-1957

William J. Pudlo, Esq.
The Law Offices of William J. Pudlo, P.C.
PO Box 676
West Springfield, MA 01090
BBO# 407640
Telephone:  413-739-4000
Fax 413-739-4620

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT

### DEPARTMENT OF THE TRIAL COURT

CIVIL ACTION

No. 287055

Golden Acres Development Corp. and Theodore F. Perez , Plaintiff(s)

v.

Board of Water Commissioners of the City of Westfield, et al , Defendant(s)

## SUMMONS

**To the above-named Defendant:**

You are hereby summoned and required to serve upon Bradford B. Moir, MOIR & ROSS

plaintiff's attorney, whose address is 45 Broad St., Suite 2, Westfield, MA 01085 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Recorder of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **PETER W. KILBORN** ,Chief Justice, at Boston, the 28th day of January , in the year of our Lord two thousand and three .

DEPUTY RECORDER

**NOTES:**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) EQUITY — (2) OTHER

*NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in The Land Court.*

LC S-4 (11/00)

# C–iii.

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

**LAND COURT DEPARTMENT
OF THE TRIAL COURT**
Misc. Case No.: 287055

GOLDEN ACRES DEVELOPMENT CORP. )
and THEODORE F. PEREZ, )
      **Plaintiffs** )
       )
  vs. )
       )
BOARD of WATER COMMISSIONERS of the )
CITY of WESTFIELD, Lynn Boscher )
(Chairperson), Carol Berti, Kevin Bowler, )
Phillip McEwan, Anthony Petrucelli and )
Randall Racine as the PLANNING BOARD of )
the CITY OF WESTFIELD, and THE CITY )
OF WESTFIELD, )
      **Defendants.** )

## ANSWER TO COUNT I WITH RESERVATION OF RIGHT TO AMEND TO ANSWER COUNT II PENDING DISPOSITION OF MOTION TO DISMISS

Come now the Defendants in the above-styled cause and in response to the numbered allegations of Count I of Plaintiffs' Complaint, do answer as follows:

1.    Defendants admit that as of November 20, 2002 Golden Acres Development Corp. was a duly organized Massachusetts corporation but lack knowledge or information sufficient to admit or deny its present status or the location of its present principal place of business.

2.    Admitted.

3.    It is admitted that the Board of Water Commissioners is a three member Board, that its principal place of business is 59 Court Street, Westfield and that Jana Catuccio and Joseph Spagnoli, Jr. are members. It is denied that Lee Perez is a member.

4.    It is denied that Kevin Bowler's address is 22 Ridgecrest Drive. The remaining allegations of numbered paragraph 4 of the Complaint are admitted.

5.    Admitted.

6.    Denied.

7.    Admitted.

8.    It is admitted that on January 7, 2003 the Planning Board voted to deny approval of the definitive subdivision plan submitted by plaintiffs entitled "Fairway Club Estates." It is admitted that the submission did not comply with applicable planning board rules and regulations.

9.    It is admitted that the Planning Board decision in question was filed with the City Clerk on January 9, 2003. It is further admitted that Exhibit 1 to the Complaint is a copy of that decision.

10.    Admitted.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

## AFFIRMATIVE DEFENSES

1.    Statute of limitations.

2.    Failure to state a claim upon which relief can be granted.

## RESERVATION OF RIGHT TO AMEND

Defendants reserve the right to file an answer to Count II in the event that their Motion to Dismiss Count II, filed contemporaneously herewith, is denied.

DEFENDANTS
BY THEIR ATTORNEY

Peter H. Martin
Assistant City Solicitor
City of Westfield
59 Court Street
Westfield, MA  01085
(413) 572-6260
BBO# 552020

2

## <u>CERTIFICATE OF SERVICE</u>

I, Peter H. Martin, hereby certify that a copy of the foregoing document has been placed in the U.S. Mail first class, postage prepaid, addressed to Bradford B. Moir, Esq., MOIR & ROSS, 45 Broad Street, Westfield, MA  01085-5200 and William J. Pudlo, Esq., The Law Offices of William J. Pudlo, P.C., P. O. Box 676, West Springfield, MA  01090, on this the 28th day of February, 2003.

Peter H. Martin

# C-iv.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

LAND COURT DEPARTMENT
OF THE TRIAL COURT
Misc. Case No.: 287055

| | |
|---|---|
| GOLDEN ACRES DEVELOPMENT CORP. and THEODORE F. PEREZ, **Plaintiffs** <br><br> vs. <br><br> BOARD of WATER COMMISSIONERS of the CITY of WESTFIELD, Lynn Boscher (Chairperson), Carol Berti, Kevin Bowler, Phillip McEwan, Anthony Petrucelli and Randall Racine as the PLANNING BOARD of the CITY OF WESTFIELD, and THE CITY OF WESTFIELD, **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

I.

PRELIMINARY STATEMENT

Plaintiffs' Complaint is headed "Appeal of Definitive Subdivision Dissaproval (sic) and Complaint for Declaratory Judgment." Count II specifies that it is a claim for declaratory judgment brought pursuant to M.G.L. c. 231A. Complaint, ¶17. As the declaration sought, plaintiffs pray for:

1. A declaratory judgment setting forth whether or not the plaintiffs are entitled to municipal water for their definitive subdivision entitled "Fairway Club Estates";

2. A declaratory judgment setting forth whether or not the defendant Board of Water Commissioners of the City of Westfield exercised an

abuse of discretion by denying water to the plaintiffs definitive subdivision entitled "Fairway Club Estates";

3.  That this Court set aside the decision of the defendant Board of Water Commissioners and order that municipal water service the development;

4.  Such other binding declarations of right to which by the terms of the laws of the Commonwealth the plaintiff is entitled;

5.  Such other relief as is just and equitable.

For reasons demonstrated, below, Count II is due to be dismissed because:

1.  The Land Court lacks subject matter jurisdiction.

2.  The plaintiffs lack standing to assert their claims.

3.  The issue which plaintiffs seek to present has been adjudicated by the Superior Court and, thus, the doctrine of issue preclusion requires dismissal.

4.  There is no controversy within the meaning of M.G.L. c. 231A.

5.  Plaintiffs have failed to plead sufficient facts to state a claim for relief under M.G.L. c. 231A.


II.

STATEMENT OF FACTS


1.  Defendant Board of Water Commissioners of the City of Westfield (hereinafter "Board") consists of three members who have the charge, control and management of the Westfield Water Department, the waterworks and the public water supply. See Exhibit "A," relevant portion of Westfield City Charter, as amended – Acts of 1920, c. 294 at §8(20); and Exhibit "B," Westfield Code of Ordinances, §§18-41 – 18-154 at §18-45, 18-46. The three members are appointed by the Mayor subject to confirmation by the City Council. Exhibit "B," §18-42. The Board may make rules and regulations. Id. at §18-47. The Board has done so. Exhibit "C," City of Westfield Water Department Rules and Regulations adopted April 11, 2001.

2.  Plaintiffs allege they applied for and/or requested that the City through the Board supply municipal water to the proposed development. Exhibit "D," Complaint, ¶15.

2

3. Plaintiffs allege that on July 10, 2002 the Board voted to deny municipal water to the proposed development. Exhibit "D," ¶16.

4. On September 6, 2002 Golden Acres Development Corp. and Theodore F. Perez commenced a civil action in the Hampden County Superior Court against the Board of Water Commissioners of the City of Westfield. Exhibit "E," Complaint. The plaintiffs in that former action are identical to the plaintiffs in the instant case. Compare Exhibit "D" ¶1 and 2 with Exhibit "E" ¶1 and 2. The defendant Board is identical. Compare Exhibit "D" ¶3 with Exhibit "E" ¶3.

5. In response to the Complaint of September 6, 2002, the Board filed Defendant's Motion to Dismiss. Exhibit "F."

6. After hearing, by Memorandum and Order on the Defendant's Motion to Dismiss dated November 19, 2002, the Superior Court (Curley, J.) allowed the Board's Motion. Exhibit "G."

7. Judgment entered on November 20, 2002. Exhibit "H."

III.

## LEGAL STANDARD FOR MOTION TO DISMISS

For purposes of reviewing disposition of a motion to dismiss under Rule 12(b)(6), the factual allegations of the complaint, as well as all such inferences as may be drawn therefrom in the plaintiffs' favor, are to be taken as true. Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998), Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). Nonetheless, the sufficiency of a complaint to state a viable claim may be tested by a motion made pursuant to Mass. R. Civ. P. 12(b)(6). Smith v. Massimiono, 414 Mass. 81, 85 (1993).

The rule that in evaluating a complaint in response to a 12(b)(6) motion to dismiss the court must accept as true plaintiff's well-pleaded factual averments does not require the court to accept legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). Plaintiff may not rely on conclusory descriptions of a general scenario which could be dominated by unpleaded facts. Id.

A motion under Rule 12(b)(1) raises lack of subject-matter jurisdiction, a defect that once found by the court, requires the judge to order the action dismissed. Kennedy v. Consolidated

3

Motor Lines, Inc., 312 Mass. 84 (1942). A defendant may properly challenge a plaintiff's standing to raise a claim by bringing a motion to dismiss under Mass. R. Civ. P. 12(b)(1) or 12(b)(6). Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 (1998). Standing is considered to be an issue of subject matter jurisdiction. Id.[1]

## IV.

## ARGUMENT

### A.

### Land Court, A Court of Limited Jurisdiction, Lacks Subject Matter Jurisdiction

The Land Court is a court of limited jurisdiction, having the authority to hear only such disputes as are enumerated at M.G.L. c. 185, §1 and M.G.L. c. 240, §14A. The Complaint does not cite the jurisdictional basis for Count II. It does, at ¶17, state that Count II is brought pursuant to M.G.L. c. 231A, Uniform Declaratory Judgment Act, which provides:

> The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations ....

M.G.L. c. 231A, §1.

Thus, chapter 231A relates to procedure and does not deal with jurisdiction. Worcester County Natl. Bank v. Commr. of Banks, 340 Mass. 695, 696-697 (1960).[2]

Count I of the Complaint is an action for judicial review of the action of the Westfield Planning Board concerning a plan of a subdivision of land filed pursuant to M.G.L. c. 41, §81BB. Land Court has jurisdiction to hear such claims per M.G.L. c. 185, §1(q). There is no

---

[1] The Court may consider materials beyond the scope of the pleadings with a Mass. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction. Id. at n. 6.

[2] Apart from M.G.L. c. 185, §1, Land Court is empowered to exercise jurisdiction over declaratory judgment actions seeking a declaration as to the application of a local zoning ordinance or by-law to a landowner's particular parcel of land. M.G.L. c. 240, §14A. Plaintiffs do not contend Count II to be such a case and, of course, it is not as the application of the City's Zoning Ordinance is not at issue. It is to this special form of declaratory relief to which §9 of c. 231A refers wherein it is provided "Nothing in this chapter shall be held to affect the jurisdiction of the land court, and the procedure established hereby shall be in addition to any other procedure for declaratory relief."

jurisdictional basis to hear and decide a claim which seeks to determine entitlement to municipal services.

B.

Plaintiffs Do Not Have Legal Standing And, Thus,
The Land Court Lacks Subject Matter Jurisdiction

Plaintiffs allege they have requested that the Board supply their proposed subdivision with municipal water service. Exhibit "D," ¶15. Plaintiffs allege that the Board's consultant has determined sufficient water and water pressure exists so as to make delivery of water feasible. Id. at ¶19. Plaintiffs allege the Board voted not to provide municipal water service to the proposed subdivision. Id. at ¶16. Plaintiffs allege that as a result of that decision plaintiffs would lose 90 building lots, will be unable to develop the land and will suffer a financial loss. Id. at ¶20. Plaintiffs do not allege that the Board, or any of the other defendants, has a duty to provide municipal water service to the proposed subdivision.

A party has standing when it can allege an injury within the area of concern of a statute or regulatory scheme under which the injurious action has occurred. Northbridge v. Natick, 394 Mass. 70, 75 (1985) (citations omitted). Plaintiffs have failed to identify any act of the Board which is contrary to any statute or regulation. Alleging injury alone is not enough; a plaintiff must allege a breach of a duty owed to it by the public defendant. Id.; Ginther v. Commissioner of Insurance, 427 Mass. 319, 323 (1998). Plaintiffs have failed to identify any duty of the Board which the Board is alleged to have breached. Moreover, the complained of injury must be a direct consequence of the complained of action. Id. Plaintiffs allege that the Board's decision not to extend the municipal water system to their proposed subdivision will cause them to "lose 90 building lots." Nowhere do Plaintiffs allege any facts from which one could conclude that the Board's decision affects the number of building lots.

Standing is an issue of subject matter jurisdiction. Id. at 322, Doe v. The Governor, 381 Mass. 702, 705 (1980). Plaintiffs lack standing and the Complaint should be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

5

C.

The Doctrine of Issue Preclusion Requires Dismissal of
Count II of the Complaint

The doctrine of issue preclusion prevents re-litigation of an issue determined in an earlier action when the same issue arises in a later action, based on a different claim, between the same parties and the determination was essential to the decision in the earlier action. City of Salem v. Massachusetts Commission Against Discrimination, 44 Mass. App. 627, 639 (1998). An evidentiary hearing or trial is not required before issue preclusion can apply. Jarosz v. Palmer, 436 Mass. 526, 531 (2002). The appropriate question is whether the issue was subject to an adversary presentation and consequent judgment that was not the product of the parties' consent. Id.

Judgment entered on November 20, 2002 in Golden Acres Development Corp. and Theodore F. Perez v. Board of Water Commissioners of the City of Westfield, Hampden County Superior Court Civil Action No. 02-932. See Exhibit "H." That action was commenced by plaintiffs under M.G.L. c. 249, §4 as a complaint for relief in the nature of certiorari. See Exhibit "E." The Board moved to dismiss on several grounds. See Exhibit "F." The Court entered its dismissal based on one ground, namely, that the action of the Board was discretionary, required no hearing and, thus, that the actions of the Board could not be reviewed by writ of certiorari. See Exhibit "G."

The issue central to that Judgment was that the action of the Board to provide water service or not to provide water service to the subdivision is discretionary. It has, therefore, been conclusively determined for the purposes of the instant case that the action of the Board in voting not to provide water service is discretionary. The Board's decision being an act of discretion, plaintiffs must identify some statute or rule that affords individuals in such a circumstance as the plaintiffs the right to be free of an abuse of discretion by a board when it votes not to extend municipal water lines to a proposed subdivision. That right does not arise from M.G.L. c. 231A – the act, as noted, supra, is procedural, not conferring substantive legal rights where none otherwise exist. There are no such substantive legal rights in such circumstances.

6

D.

## Count II Fails to Meet the Requirements to Proceed
## as a Declaratory Judgment Action

The Court may refuse to render or enter a declaratory judgment where such judgment would not terminate the controversy or for other sufficient reasons. M.G.L. c. 231A, §3. The demurrer (now motion to dismiss) is an appropriate way to raise the point that no controversy exists and, thus, that the action should be dismissed. Brown v. Neelon, 335 Mass. 357, 358-360 (1957). Declaratory relief cannot be used as a substitute remedy to review the merits of a discretionary decision of an administrative agency. Bielawski v. Personnel Administrator of Division of Personnel Administration, 422 Mass. 459 (1996).

An action for declaratory relief does require certain niceties of pleading, such as an allegation of a live controversy. As plaintiffs have failed to allege any basis upon which their claim of entitlement to water service rests, there is no controversy. Furthermore, a motion to dismiss a complaint for declaratory judgment for the failure to state a claim upon which relief can be granted will be allowed where there is no clear and exact statement of facts upon which plaintiffs' right to relief depends, where the facts stated do not support the conclusions alleged and where it is not clear what the plaintiff seeks to have determined. Brown v. Neelon, supra, Manufacturing Improvement Corporation v. Georgia Pacific Corporation, 362 Mass. 398 (1972).

V.

## CONCLUSION

For the foregoing reasons, Count II of Plaintiffs' Complaint is due to be dismissed with Judgment on Count II to enter against the Plaintiff and for the Defendants.

DEFENDANTS
BY THEIR ATTORNEY


Peter H. Martin
Assistant City Solicitor
City of Westfield
59 Court Street
Westfield, MA  01085
(413) 572-6260
BBO# 552020


## CERTIFICATE OF SERVICE

I, Peter H. Martin, hereby certify that a copy of the foregoing document has been placed in the U.S. Mail first class, postage prepaid, addressed to Bradford B. Moir, Esq., MOIR & ROSS, 45 Broad Street, Westfield, MA  01085-5200 and William J. Pudlo, Esq., The Law Offices of William J. Pudlo, P.C., P. O. Box 676, West Springfield, MA  01090, on this the 28th day of February, 2003.


Peter H. Martin

8

# C-v.

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT DEPARTMENT OF THE TRIAL COURT

Suffolk, ss.                                    **Misc. Case #287055**

| | |
|---|---|
| GOLDEN ACRES DEVELOPMENT ) <br> CORP. and THEODORE F. PEREZ, ) <br> **Plaintiffs** ) <br> ) <br> v. ) <br> ) <br> BOARD OF WATER COMMISSIONERS) <br> of the CITY of WESTFIELD, ) <br> Lynn Boscher (Chairperson), Carol Berti,) <br> Kevin Bowler, Phillip McEwan, ) <br> Anthony Petrucelli and Randall Racine, as ) <br> the PLANNING BOARD of the CITY of ) <br> WESTFIELD and the CITY OF ) <br> WESTFIELD, **Defendants** ) | **PLAINTIFFS' OPPOSITION <br> TO DEFENDANTS' MOTION <br> TO DISMISS COUNT II OF <br> PLAINTIFFS' COMPLAINT** |

Now come the Plaintiffs in the above captioned action and file their opposition to the Defendants' Motion to Dismiss Count II.

## Factual and Procedural Background

This action arises out of actions by the Defendant, City of Westfield, acting through its Board of Water Commissioners and its Planning Board. The Plaintiffs submitted a Definitive Plan proposal for a subdivision of their land in Westfield, Hampden County, Massachusetts on or about September 30, 2002. Prior to the submission of the Definitive Plan, the Plaintiffs had previously submitted a preliminary plan, which was rejected.

The Plaintiffs' preliminary plan, based upon the applicable rules and regulations of the Westfield Planning Board, was submitted with the intention of tying the proposed subdivision into the municipal sewer and water systems. The applicable rules of the Planning Board require that such a tie-in be made if the municipal services are available. The municipal water and sewer lines are within a reasonable distance from the proposed subdivision. On or about July 10, 2002,

the Board of Water Commissioners voted to deny the Plaintiffs' application for a tie-in to the municipal water system.

On or about September 6, 2002, the Plaintiffs brought an action before this Court alleging, *inter alia*, that the denial was an arbitrary decision which afforded the Plaintiffs no alternative appeal, and that the action of the Board of Water Commissioners constituted a denial of equal protection of the laws. The Defendants filed a Motion to Dismiss.

This Court, on or about November 25, 2003, allowed the Defendants' Motion **"without prejudice to the plaintiffs re-filing their complaint if they find a permissible basis to do so"**. In the Court's Memorandum and Order, the Court noted that the Complaint was cast solely in the manner of *certiorari*, and that because of the "discretionary" nature of the Water Commissioners' authority, no hearing was required.

The Plaintiffs thereafter filed this action on or about January 23, 2003. In their new Complaint, the Plaintiffs raise the issues of a request for declaratory relief, alleging, *inter alia*, that the Planning Board requires a tie-in to existing municipal water lines, but has no ability to require the Water Commissioners to allow for the tie-in of such lines. The Plaintiffs applied for the tie-in, but were denied, despite the advice of expert engineers that the proposed subdivision would enhance the municipal water pressure and further that the system had an adequate supply for the subdivision. The actions of the Water Commissioners was alleged to be arbitrary and capricious, and not based upon facts presented. No appeal is available from this decision.

The Defendants now move to have this Count II of the Complaint dismissed, based upon the Court's lack of jurisdiction, the Plaintiffs' lack of standing, the doctrine of issue preclusion and a failure to meet the requirements for declaratory relief.

## **<u>Legal Argument</u>**

With respect to the issue of jurisdiction, the jurisdiction of this Court has recently been expanded to include actions for declaratory relief. **<u>M.G.L. c. 185, §1(r)</u>**. Under the provisions of

that statute, this Court has the authority to review land-use ordinances, by-laws or regulations as enforced by a municipality. In this case, the Rules and Regulations of the Westfield Water Department include a procedure for landowners to file an application for what is described as a "major extension" of the transmission mains. In defining this term, the regulations include under this category "subdivisions". **See <u>Exhibit C</u> to Defendants' Memorandum in Support of the Motion to Dismiss**

It raises significant issue where the Planning Board, under their applicable rules, requires landowners who propose subdivision to tie-in to existing municipal water lines, the Water Commissioners have the authority to approve "major extensions" of "transmission mains", but no landowner can appeal from a decision of the Water Commissioners. Under such a regime of regulation, the arbitrary decision of the Water Commission can force a denial of a subdivision plan submitted in good faith, in accordance with all applicable rules, by any landowner, without recourse. This is not the intention of the law. For this reason, this type of regulatory scheme which affects land-use is now the subject of this Court's expanded jurisdiction.

The jurisdiction of this Honorable Court was also expanded to include "all cases and matters cognizable under the general principles of equity jurisprudence". <u>M.G.L. c. 185, §1(k)</u> This case cried out for equitable relief for a landowner who is the object of arbitrary, capricious and whimsical actions by the Westfield Water Commissioners. To say there is no relief from what the Water Commissioners label "discretionary" actions is to blatantly deny both equity and the equal protection of the laws to landowners. This is exactly the type of case this Court is empowered to hear under its expanded jurisdiction.

With respect to the issue of standing, the law is clear, a party must have suffered an injury or some other harm at the hands of a governmental agency. <u>Kaplan v. Bowker, 333 Mass. 455, 131 NE2d 372 (1956)</u> In this case, the Plaintiffs allege the rejection of their subdivision plan on the basis that they cannot utilize municipal water, despite being required by the Planning Board to tie-in to the existing system. Such actions are the type that the Courts have sought to protect. <u>Northeastern Florida Chapter of Associated General Contractor v. Jacksonville, 508 U.S. 113, 113 S. Ct. 2297, 124 L.Ed. 2d 586 (1993)</u>

Further, a party has standing when it alleges an injury within the area of the statute or regulatory scheme under which the injurious act occurred. **Benevolent & Protective Order of Elks, Lodge No. 65 v. Planning Board of Lawrence, 403 Mass. 531, 531 NE2d 1233 (1988)** Here the actions of the Westfield Water Commissioners have acted under a regulatory scheme which has caused injury to the Plaintiffs. The Plaintiffs have the requisite standing and should be permitted to proceed.

The argument that the Plaintiffs' prior action, which was dismissed precludes this Court from reviewing the actions of the Westfield Water Commissioners is no more than a "red herring" argument. If the Court had dismissed the Plaintiffs action with prejudice, there would be no avenue for action other than a timely appeal to the Appeals Court. However, the Court, in its Memorandum and Order, clearly indicated that the Plaintiffs, assuming no issues imposed by applicable statutes of limitation, were free to bring another action related to this issue. As such, the doctrine of issue preclusion should not be applicable to this action.

Under the provisions of G.L. c. 249, §4, a party may bring an action for review of administrative proceedings where no such oversight is provided for by statute. **Yerardi's Moody Street Restaurant and Lounge, Inc. v. Board of Selectmen of Randolph, 19 Mass. App. Ct. 296, 473 NE2d 1154 (1985), review denied 394 Mass. 1103, 477 NE2d 595** The Courts have also made it clear that the protection under the provisions of G.L. c. 249 are applicable where there is no protection against discretionary administrative actions. **Emerson College v. City of Boston, 391 Mass. 415, 462 NE2d 1098 (1984)** In this case there is no doubt that the actions of the Westfield Water Commissioners are Olympian in nature. They are aloof from any review under the Defendants' argument. This is exactly the kind of discretionary abuse that the Courts have sought to review.

In this case the Plaintiffs have pleaded a case describing the conundrum that they face in the City of Westfield. On the one hand they are required to connect their subdivision to the existing municipal water system by the Planning Board and on the other hand the Water Commissioners, despite providing for such connections, are permitted to approve or deny any application with impunity without review. The declaratory judgment statute is applied in light of the nature of the action sought to be reviewed. **Cepulonis v. Commissioner of Correction, 15**

**Mass. App. Ct. 292, 445 NE2d 178 (1983)** Under these circumstances, such a review is proper for this Court.

For all of the foregoing reasons, the Plaintiffs request that this Court deny the Defendants' motion.

The Plaintiffs,
by their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000
FAX: (413) 739-3620
BBO #407640

### Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading upon the Defendants by mailing a copy of the same, postage prepaid, to Peter Martin, Assistant City Solicitor, Westfield Law Department, 50 Court Street, Westfield, Mass. 01085

Dated: August 28, 2003

William J. Pudlo

\win\word\clarkperezlandcourtoppositiontomotiontodismiss

# C-vi.

COMMONWEALTH OF MASSACHUSETTS

**(SEAL)**

LAND COURT

DEPARTMENT OF THE TRIAL COURT

HAMPDEN, s.s.

MISCELLANEOUS
CASE NO. 287055

|  |  |
|---|---|
| GOLDEN ACRES DEVELOPMENT CORP. and THEODORE F. PEREZ, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| BOARD of WATER COMMISSIONERS of the CITY of WESTFIELD, Lynn Boscher (Chaiperson), Carol Berti, Kevin Bowler, Phillip McEwan, Anthony Petrucelli, and Randall Racine as the PLANNING BOARD of the CITY OF WESTFIELD, and the CITY OF WESTFIELD, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |



**ORDER ALLOWING DEFENDANTS' MOTION TO DISMISS COUNT II**

On January 24, 2003, plaintiffs Golden Acres Development Corp. and Theodore F. Perez

("Golden Acres" or "Plaintiffs") filed a two count complaint against the City of Westfield Board

of Water Commissioners ("Water Commissioners"), City of Westfield Planing Board ("Planning

Board"), and the City of Westfield ("City") (collectively "Defendants"). Count I, properly before

1

the court pursuant to G.L. c. 41, § 81BB, is an appeal of the Planning Board's decision to deny

Golden Acres subdivision approval of the definitive subdivision plan submitted by the Plaintiffs

known as "Fairway Club Estates," for land in Westfield, MA. Count II seeks a declaratory

judgment pursuant to G.L. c. 231A, that the Water Commissioners improperly denied a

municipal water extension to Plaintiffs' proposed subdivision. Count II is the subject of

Defendants' motion brought pursuant to Mass. R. Civ. P. 12(b)(1) and 12(b)(6).

In their complaint, plaintiffs allege that they applied to the Water Commissioners for a

municipal water main extension to the proposed subdivision. On July 10, 2002, the Water

Commissioners voted to deny municipal water to the subdivision. Plaintiffs allege that as a result

of that decision Plaintiffs would lose ninety (90) building lots[1] and will suffer a financial loss

because they will be unable to develop the land. On September 6, 2002, Plaintiffs commenced a

civil action under G.L. c. 249, § 4, as a complaint for relief in the nature of certiorari, in the

Hampden County Superior Court against the Water Commissioners. In response, the Water

Commissioners filed a motion to dismiss. After hearing, by Memorandum and Order on the

Defendant's Motion to Dismiss, the Superior Court (Curley, J.) allowed the Water

Commissioners' motion.[2] Judgment entered on November 20, 2002, dismissing Plaintiffs'

complaint in the Superior Court.

_____

[1]The Plaintiffs' "Fairway Club Estates" subdivision plan contains 188.21 acres, which
they wish to subdivide into 189 building lots. Without municipal water, the minimum lot size for
development increases to 60,000 square feet.

[2]The Superior Court dismissed the complaint under G.L. c. 249, § 4, because the Water
Commissioners decision to deny the Plaintiffs municipal water to their proposed subdivision is
entirely discretionary. Actions that are discretionary and require no hearing are not reviewable
on a writ of certiorari. Walpole v. Secretary of Executive Office of Environmental Affairs, 405
Mass. 67, 72 (1989).

2

Count II of the Plaintiffs' complaint before this court purports to be brought pursuant to G.L. c. 231A, § 1, and seeks a declaratory judgment that the Water Commissioners improperly denied the Plaintiffs municipal water for their proposed subdivision. Although the Land Court may make binding declarations, G.L. c. 231A, § 1, does not expand the jurisdiction of this court. As a court of limited jurisdiction, the Land Court must have underlying subject matter jurisdiction to properly make a declaratory judgment. See Konstantopoulos v. Town of Whately, 384 Mass. 123, 127 (1981); G.L. c. 231A, § 1 (authorizing declaratory judgments "within their respective jurisdictions"). Accordingly, Count II must be properly before this court pursuant to G.L. c. 185, § 1, to make a declaratory judgment. I find that the question regarding the Plaintiffs' entitlement to municipal water does not involve any "right, title, or interest in land" to trigger this court's general equity jurisdiction, nor is there any other specific grant of jurisdiction in c. 185 § 1, to the Land Court concerning such a question. G.L. c. 185, § 1. Thus, this court is without jurisdiction to enter a declaratory judgment regarding Count II of the plaintiffs' complaint.

Defendants' motion under Mass. R. Civ. P. 12(b)(1) raises lack of subject matter jurisdiction, a defect that once found by the court, requires the judge to dismiss the action. A complaint, however, is sufficient to survive a motion to dismiss "if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and theory on which he seems to rely may not be appropriate." Nader v. Citron, 372 Mass. 96, 104 (1976). Plaintiffs' argue that an action in the nature of certiorari, pursuant to G.L. c. 249, § 4, is appropriate here, and that the Land Court has proper jurisdiction. G.L. c. 185, § 1(r). In response, Defendants' contend that the doctrine of issue preclusion prevents the Plaintiffs from raising this issue because the Superior Court case, brought under G.L. c. 249, §4, was dismissed

3

because an action in certiorari is unavailable for a discretionary action. Notwithstanding any

effect that the doctrine of issue preclusion may have on the plaintiffs' ability to bring an action in

certiorari, this court would still lack jurisdiction over Count II under G.L. c. 249, § 4. Again, the

question of the Plaintiff's entitlement to municipal water for their proposed subdivision does not

involve any "right, title, or interest in land," nor does it involve "subdivision ordinances, by-laws

or regulations." G.L. c. 249, § 4.

Based on the foregoing, and pursuant to the provisions of Mass. R. Civ. P. 12(b)(1),

Count II of Plaintiffs' complaint must be dismissed because the Land Court lacks subject matter

jurisdiction regarding a claim of entitlement to municipal services. Therefore, Defendants'

Motion to Dismiss Count II is ALLOWED, and it is ORDERED that Count II be and is hereby

dismissed.

By the Court. (Trombly, J.)

Attest:

_____
Ann-Marie J. Breuer
Deputy Recorder

Dated: October 31, 2003

A TRUE COPY
ATTEST:

DEPUTY RECORDER

4