UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Western Division**                                          Case # 05cv 30163 - MAP

ARTHUR L. CLARK and RITA M. CLARK, Individually, RAYMOND A. CLARK, RICHARD J. CLARK, JAMES F. CLARK, ARTHUR J. CLARK TRUSTEES of the E. Mt. Rd. NOMINEE TRUST, and as TRUSTEES OF THE ARTHUR L. CLARK FAMILY TRUST and as TRUSTEES OF CLARK SONS REALTY TRUST, THEODORE PEREZ, Individually and GOLDEN ACRES DEVELOPMENT CORP., Plaintiffs

v.

LYNNE BOSCHER, PHILIP McEWAN, KEVIN BOWLER, ANTHONY PETRUCELLI, RANDALL RACINE, JOHN WYSOCKI, WILLIAM ONYSKI and ANDREW DENARDO Individually and as MEMBERS OF THE WESTFIELD PLANNING BOARD DURING 2003, JOHN SULLIVAN, RONALD COLE and THOMAS FLAHERTY Individually and as WESTFIELD SEWER COMMISSIONERS DURING 2002, JANA CANTUCCIO, JOSEPH SPAGNOLI and LEE PEREZ, Individually and as WESTFIELD WATER COMMISSIONERS DURING 2002, RICHARD K. SULLIVAN, Individually and as MAYOR OF THE CITY OF WESTFIELD and CHARLES MEDEIROS, BARBARA SWORDS, ADAM LIPTAK,JR., DAVID BANNISH, BRENT BEAN, BRIAN SULLIVAN CHRISTOPHER CREAN, JAMES CASEY, MARTIN CANTY, DANIEL KNAPIK AND CHRISTOPHER KEEFE, Individually and as MEMBERS OF THE WESTFIELD CITY COUNCIL DURING 2003

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

---

Now come the Plaintiffs, through Counsel, and present their Opposition to the Defendants' Motion to Dismiss.

**Factual and Procedural Background**

The above captioned action was filed by the Plaintiffs to recover damages caused by the Defendants' concerted actions to prevent the Plaintiffs from developing their land in Westfield, Massachusetts by arbitrary, unreasonable and capricious actions, all as specified in their Complaint. Said actions by the Defendants constituted a concerted effort to exercise economic coercion upon the Plaintiffs further preventing them from exercising their constitutionally protected rights.

The Plaintiffs allege that the Defendants have engaged in a campaign to prevent the Plaintiffs from developing their land for residential purposes. Over the course of the past several years, the Plaintiffs have been in the process of attempting to sell and/or develop the various tracts of land that Arthur L. Clark had acquired. Many of the parcels were in commercially zoned areas and some in residentially zoned areas. In the course of these transactions some of the Plaintiffs, particularly Arthur L. Clark, became involved in litigation in connection with the properties.

The present action involves a large tract of land adjacent to land owned by Theodore Perez. The Plaintiffs combined the two tracts for purposes of a subdivision development. Prior to that submission, the Plaintiffs Arthur L. Clark, East Mt. Road Nominee Trust, Clark Family Trust and Clark Sons Realty Trust had attempted to develop other portions of the tract.

In connection with one of the initial attempts, the Planning Board rejected the proposal based in part upon what the Planning Board asserted was the ownership of a strip of land around Chapin Pond which abutted the tract. The ensuing action to Try Title was commenced in the Land Court. That matter has now been tried and a decision awaited from the Land Court. Nonetheless, that action was required to protect the Plaintiffs' interest in the property. The resulting delays and costs were a cause of damage to the Plaintiffs who asserted that the claims were spurious and without merit. That action was no more than an effort by the officials involved to prevent the Plaintiffs' development and was arbitrary and capricious.

In connection with the present development, the Complaint specifically describes the process whereby the responsible permit granting authorities engaged in what was effectively a "Cath-22" exercise. Under the process, the Plaintiffs were required, by Planning Board Rules and Regulations to connect to municipal sewer and water lines, **if available** (emphasis added). In this case there were water and sewer lines available to service the proposed subdivision.

The Plaintiffs, through their agent, requested a sewer connection from the Sewer Commissioners. The request was denied. The Plaintiffs' agent was advised by the Sewer Commissioners that unless a water connection was granted by the Water Commissioners. No sewer connection would be granted.

The Plaintiffs, through their agents, requested a water connection, **at their expense** (emphasis added), to the available water lines. The Water Commissioners denied the Plaintiffs' application having advised the Plaintiffs' agent that unless the Plaintiffs obtained a municipal sewer connection, the water line connection would not be granted. The Plaintiffs were thereafter required to bring an action to protect the Plaintiffs' rights. The Superior Court dismissed the action on the grounds that certiorari was not an available remedy due to the "discretionary nature" of the Water Commissioners' decision.

The Planning Board thereafter rejected the Plaintiffs' subdivision and the Plaintiffs filed their action in the Land Court, appealing the decision. The City of Westfield Water Commissioners moved to dismiss Count II of the Complaint relative to the water connection. The Land Court dismissed Count II citing a lack of subject matter jurisdiction, despite the newly expanded jurisdiction granted to "review land use ordinances, by-laws and regulations."

Thereafter the Plaintiffs filed a subdivision plan which did not have municipal sewer and water connections, resulting in a loss of more than thirty (30) building lots due to expanded size required for lots with on-site water and waste disposal. The resulting reduction in the number of lots resulted in further economic loss to the Plaintiffs. The Planning Board denied the application and rejected the subdivision on numerous grounds including the impact upon the so-called "Barnes Aquifer" which lies beneath the properties in question.

Prior to any action to appeal the Planning Board's decision, the Plaintiffs became aware that the Mayor of Westfield had commenced discussions with the Plaintiff, Theodore Perez, to make an eminent domain taking of his portion of then proposed subdivision. The taking subsequently occurred, rendering the subdivision appeal moot.

The alleged "public purpose" of the taking of the Perez land was protection of the Barnes Aquifer. It is highly questionable that the Perez land was the only portion of the proposed subdivision that overlaid the aquifer. In reality, the larger portion of the aquifer lies beneath the Clark's property. What is obvious from the facts surrounding the taking of the Perez land is the arbitrariness and capriciousness of the decision and action by the various officials in the City of Westfield and Defendants herein.

Faced with this long history of actions which result in a limitation on the Plaintiffs' ability to develop their lands, and the arbitrary, capricious and unreasonable nature of these actions, the Plaintiffs commenced this action for a violation of their constitutional and civil rights.

**Argument**

The Defendants, in their Motion to Dismiss, suggest that this action is barred because it is a simple real estate case which the federal courts are not to intervene. That may be the case if this were simply a single case where the Plaintiffs filed for a

subdivision approval and were rejected. On the contrary, the Defendants, acting in concert, rendered arbitrary and capricious decisions that resulted in the deprivation of the Plaintiffs' rights. It is not the failure of the Plaintiffs to obtain subdivision approval, but the manner in which they allege the public officials acted.

Under the Plaintiffs' Complaint, the facts alleged clearly meet the burden of asserting a claim pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, M.G.L. c. 93,§102, 42 U.S.C. §1983 and acted in a civil conspiracy to deprive the Plaintiffs of their rights. The factual averments of a series of actions, all related to the various public officials involved are formally sufficient to state a claim upon which the Plaintiffs may proceed. **Cruz v. Melecio**, C.A. 1st, 2000, 204 F3d 14; **Waterson v. Page**, C.A. 1st,1993,987 F2d 1

At the base of the Plaintiffs' Complaint is the fact that the actions complained of were arbitrary, capricious and unreasonable. The exercise related to the Planning Board, Water Commissioners and Sewer Commissioners that was imposed upon the Plaintiffs was unconscionable.

The regulations require water and sewer connections. The Sewer Commissioners would not approve a sewer connection unless the Water Commissioners allowed a water connection. If ever there was a regime authored by Tweedle-Dum and Tweedle-Dee, the Plaintiffs were placed in the unreasonable situation of being deprived of the water or sewer (and thus Planning Board approval) for obviously capricious reasons. This is

wrong and demands redress. If the same Defendants had not granted water connections, sewer connections and subdivision approval to subsequent applicants (based upon some nebulous sort of previous lineup) speaks volumes as to the capriciousness of these actions.

The case becomes more exacerbated when the Plaintiffs aver that the same water and sewer connections were then granted to these "other" developers at later dates on the basis that they had applied for subdivision approval earlier in time, therefore they were the ones to whom such services should be granted, even after the other developers had been denied their approvals. Such arbitrary actions cannot stand and are violative of the Plaintiffs' rights to equal protection of the laws.

The Defendants assert in their Argument that the Plaintiffs' claims do not demonstrate that the Defendants were acting under color of state law and that the alleged damage was not suffered as a result of conduct by municipal officials that deprived them of rights secured by the United States Constitution or federal law. In making their assertions, the Defendants suggest that the cases dealing with regulatory takings and equal protection issues are the "niche" carved out by the courts.

In this case, the Plaintiffs assert that various actions directed at them by various municipal officials, specifically those named as Defendants, were of the nature that these supervisory employees were acting in concert under "orders".

There is authority for the proposition that a municipal employee who is in a supervisory capacity acts under color of state law. **Poulsen v. City of North Tonawanda, N.Y.**, 811 F.Supp 884 (W.D. N.Y. 1993) (Issue of sexual harassment by employee having supervisory authority)

Further, if the Plaintiffs demonstrate that the actions of the municipal employee abused the official authority by their actions, a claim has been sufficiently raised. Here, the Plaintiffs have asserted facts that demonstrate that the public officials acted in concert to deprive the Plaintiffs of subdivision approval by engaging in actions that were at best arbitrary, as well as capricious and unreasonable. Clearly, the actions of the municipal officials were abusive of their authority. These actions are actionable under color of state law. **Martinez v. Colon**, 54 F.3d 980 (1st Cir. 1995) These actions also demonstrate a practice that is applicable only to this Plaintiff in violation of his rights protected under 42 U.S.C. §1983.

The Defendants further raise an exception based upon the **Younger** doctrine which calls for judicial abstention while pending state actions exist. In this case, the pending case is merely a trial to determine the rights and extent of ownership between the Plaintiffs and the City of Westfield to a portion surrounding Chapin Pond. The outcome of that action will not have any significant or substantial affect upon this litigation or the Plaintiffs' claims of a violation of their rights.

What this case is about are the Plaintiffs' averments that the Defendants acted, in concert, to stop the Plaintiffs' development plans for reasons unrelated to pure land use regulation. The arbitrariness and capriciousness of the Defendants' actions is so blatant that they cannot be overlooked, and the Plaintiffs' action should move forward.

If ever there was a case for the Court to refuse application of the **Younger** doctrine, it is in this instance. The case that is pending in the Massachusetts Land Court is not directly related to this case. Under such circumstances, the better practice is to allow this case to move forward. **Chaulk Services, Inc. v. Massachusetts Commission Against Discrimination,**, ___ F2d ___ (1st Cir 1995)

## Conclusion

For all of the foregoing reasons, the Defendants' Motion to Dismiss should be denied.

                                              The Plaintiffs,
                                              by their Attorney,

                                              William J. Pudlo
                                              P.O. Box 676
                                              West Springfield, Mass. 01090
                                              Telephone: (413) 739-4000
                                              FAX: (413) 739-3620
                                              BBO #407640

## Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading upon the Defendants by mailing a copy of the same, postage prepaid, to Kenneth C. Pickering, 100 Front Street, Worcester, Mass. 01608-1477.

Dated: January 30, 2006

                                              William J. Pudlo