UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Western Division

Case #05-30163-MAP

ARTHUR L. CLARK and RITA M. CLARK, Individually, RAYMOND A. CLARK, RICHARD J. CLARK, JAMES F. CLARK, ARTHUR J. CLARK TRUSTEES of the E. Mt. Rd. NOMINEE TRUST, and as TRUSTEES OF THE ARTHUR L. CLARK FAMILY TRUST and as TRUSTEES OF CLARK SONS REALTY TRUST, THEODORE PEREZ, Individually and GOLDEN ACRES DEVELOPMENT CORP., Plaintiffs

v.

LYNNE BOSCHER, PHILIP McEWAN, KEVIN BOWLER, ANTHONY PETRUCELLI, RANDALL RACINE, JOHN WYSOCKI, WILLIAM ONYSKI and ANDREW DENARDO Individually and as MEMBERS OF THE WESTFIELD PLANNING BOARD DURING 2003, JOHN SULLIVAN, RONALD COLE and THOMAS FLAHERTY Individually and as WESTFIELD SEWER COMMISSIONERS DURING 2002, JANA CANTUCCIO, JOSEPH SPAGNOLI and LEE PEREZ, Individually and as WESTFIELD WATER COMMISSIONERS DURING 2002, RICHARD K. SULLIVAN, Individually and as MAYOR OF THE CITY OF WESTFIELD and CHARLES MEDEIROS, BARBARA SWORDS, ADAM LIPTAK,JR., DAVID BANNISH, BRENT BEAN, BRIAN SULLIVAN CHRISTOPHER CREAN, JAMES CASEY, MARTIN CANTY, DANIEL KNAPIK AND CHRISTOPHER KEEFE, Individually and as MEMBERS OF THE WESTFIELD CITY COUNCIL DURING 2003

**PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMNEDATION WITH REGARD TO DEFENDANTS' MOTION TO DISMISS**

Now come the Plaintiffs, through Counsel, and present herewith, their objections to the report and recommendation of the Magistrate-Judge in the above captioned matter.

**Factual Objections**

The Recommendation of the Magistrate-Judge suggests that in 2001, Golden Acres submitted a "portion of their new plan involving a subdivision entitled 'Fairway Estates,' to the Planning Board" (Recommendation p.3). The implication of this finding is that there were two(2) separate plans being submitted for consideration. On the contrary, the Plaintiffs' Complaint clearly states that a "Preliminary Plan" for Fairway Estates. This is the only plan involving the combined lands of Clark and Perez as the Emerald Acres Estates involved other land of Clark. (Complaint ¶ ¶ 54, 55, 56, 57 and 58).

The Plaintiffs' Complaint clearly outlines the fact that in October of 2002, a revised plan was prepared and submitted for the combined lands of Clark and Perez. (Complaint ¶ ¶ 79 through 85 inclusive). The Planning Board's rejection was again, based upon factors that were not related to any of their own rules and regulations (Complaint ¶ ¶ 85 through 9 inclusive). Although the Magistrate-Judge notes these facts, his Recommendation suggests that the basis for the denial was simply due to alleged "damage to the aquifer" (Recommendation p.5)

The Magistrate-Judge also notes that the Planning Board had rejected one of the Plaintiffs' plans on the basis of access over City-owned land (Recommendation p. 3). What this statement does not capture is the fact that the Plaintiffs had prepared their revised subdivision plan in a manner that their second access was to be located over the Perez portion of the combined land. As a result, the taking of the Perez land effectively renders the Clark land unusable for the subdivision until such time as the title issues are

decided by the Massachusetts Land Court. (Complaint ¶ ¶ 102, 103). The Plaintiffs contention in their Complaint is that the taking of the Perez land was not a consideration until the revised subdivision plan disclosed an access over the Perez portion of the development.

The Magistrate-Judge's Recommendation suggests that the Plaintiffs had claimed that the proposed subdivision would benefit the City's system (Recommendation p. 4). This however, is inaccurate. The Complaint clearly states that the City engaged the services of Prism Environmental, Inc. who advised the City that the Plaintiffs' proposed subdivision would benefit the City (Complaint ¶ ¶66, 67, and 68). Essentially, the City Water Commissioners denied the Plaintiffs' request against their own consultant's advice without any basis in fact or law, which is a portion of the Plaintiffs' assertion that the actions of the municipal officials in this case were unreasonable, arbitrary and capricious.

The Magistrate-Judge's Recommendation also fails to note in his Recommendation that the Westfield Water Commissioners, in denying the Plaintiffs' request, continued to grant other developers access to the City's water system based upon no consistent or reasonable basis or criteria. The Plaintiffs clearly suggest to this Court that before and after the denial based upon "capacity", "lack of water connections" or "danger to the aquifer", other developers were being granted access to the municipal water supply without following any rational criteria or basing their decision on any consistent rational basis (Complaint ¶ ¶ 91, 92, 103).

Since the filing of the Complaint, the Plaintiffs have ascertained, from public records available to them, that the Water Commissioners have allowed additional developers to access the City's water supply. A privately owned project, Liberty Manor, was a 250 unit project for manufactured homes, which was granted both municipal water and municipal sewer services. This project also lies above an existing aquifer in the City of Westfield (Complaint ¶ 93). In addition, the City has granted water and/or sewer access to many other developers including Montgomery Road Estates (6 lots with water in 2002), Nicholas Estates (6 lots with water 2005), Mt. Road Estates, located across East Mountain Road from the Plaintiffs' property over the aquifer that was the basis for rejecting the Plaintiffs' plan, (8 lots of which 6 were given water 2005/2006), Winding Ridge Estates (40-50 lots water and sewer 2003) and Jeramie Drive (15 lots with water 2003). While this information was not readily ascertainable at the time of the filing of the Complaint, they have been ascertained in the following months)

The Magistrate-Judge's recommendation also suggests that the basis of the Sewer Commission's denial of the Plaintiffs' request was a matter of system "capacity" (Recommendation p. 5). The Plaintiffs' Complaint clearly asserts that at the time of their application, the City's sewer system re-acquired 30% of its capacity when the Town of Southampton withdrew from the use of Westfield's system (Complaint ¶¶ 73 through 76 inclusive). The denial on the basis of "capacity" thus becomes somewhat suspect as a decision made upon rational, reasonable or non-arbitrary bases.

Finally, the Magistrate-Judge suggests that the Land Court, in dismissing the Plaintiffs' challenge to the decision of the Water Commission, was a jurisdictional decision (Recommendation p. 6). The Plaintiffs had suggested that the Land Court, under a recent statute which expanded the Land Court's jurisdiction to include disputes involving land and land use, there was clear jurisdiction. The fact that the Land Court Justice disagreed does not diminish the fact that the actions of the Water Commissioners was arbitrary, unreasonable and capricious. Those allegations were made in the Complaint (Complaint ¶ 88). What the Recommendation suggests is that the Plaintiffs have sought a hearing before the Land Court and the Superior Court in Massachusetts, both of whom have denied jurisdiction (Recommendation p. 6). If these Courts lack jurisdiction, a dismissal of this action leaves the Plaintiffs no forum with jurisdiction.

### Objections to Legal Conclusions

The Magistrate-Judge recognizes that the Plaintiffs, while not stating the matter specifically, do raise claims of a violation of due process (Recommendation p. 6). However, the Magistrate-Judge, referring to decisions rendered within the First Circuit, suggests that the Federal Courts are not prone to become involved in "land usage controversies" (Recommendation p. 7). The Recommendation relies upon a determination that even "bad faith refusal to follow state law" does not always rise to a deprivation of due process.

The Plaintiffs have not merely alleged that the various boards and regulatory officials in the City of Westfield have erred in their denial of the Plaintiffs' land use plan. On the contrary, they have alleged that the overall view of the actions of all City officials amount to an pattern of arbitrary, unreasonable and capricious acts which deprive the Plaintiffs of their right to reasonably and legally use their property, a constitutionally protected right.

It has been held that a Plaintiff, in asserting a due process claim, needs to show that a person (or persons) acting under color of state law deprived the Plaintiff of a federally protected right. ***Berger v. City of Mayville Heights*, 265 F.3d 399 (6th Cir. 2001).** In this case the conduct of the Westfield Planning Board, Sewer Commissioners and Water Commissioners, Mayor and City Council, viewed on a continuum, clearly demonstrate an unambiguous misuse of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." ***West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 40 (1988)**

The basis on which these actions should be viewed is whether the Plaintiffs were treated differently than others similarly situated. If the answer is in the affirmative, based upon the allegations, the Plaintiffs should be allowed their "day in court" to prove the allegations. For purposes of a Motion to Dismiss, the factual allegations are sufficient to make their claim. ***Village of Wilowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)**

The Magistrate-Judge suggests, the Plaintiffs have made no claim of "race based or other discriminatory animus" (Recommendation p. 7). This suggestion is not accurate. The Plaintiffs have made a clear allegation of discriminatory actions where policy making individuals and municipal boards have acted in an arbitrary, unreasonable and capricious manner. The denial of the plaintiffs' requests for sewer and water and ultimately subdivision approval for the alleged reasons given by the municipal officials, while granting others similarly situated the same approvals and rights is blatant capriciousness and also rises to economic discrimination. *See, GJR Investments, Inc. v. County of Escambia*, 132 F, 2d 1359 (11th Cir. 1998)

In his recommendation, the Magistrate-Judge dismisses the Plaintiffs' claim of a civil conspiracy as a "recast of the Plaintiffs' constitutional claims" (Recommendation p.8). Once again, the observation is based upon what appears to be a limited view of the allegations. The simple fact remains, the Plaintiffs have alleged that the Court must view the allegations against all of the involved municipal officials in a totality. Where the City acted to take the Perez property once it realized the Plaintiffs were going to avoid access over alleged City land, the Mayor "set up" a taking deal with the City Council.

It is alleged by the Plaintiffs that if the alleged "public purpose" for the taking was "aquifer protection", why not take all of the property as the bulk of the aquifer lies beneath the Clark portion of the subdivision. Further, the action of the taking precludes the Plaintiff, Clark from obtaining access over the Perez tract. If these actions do not "raise an eyebrow", then the City has *carte blance* to approve or disapprove subdivisions

based upon no set criteria. Further, if the approval appears to be protected under applicable regulations, the City simply needs to make a taking of a portion of the land to effectively "kill" the developer's plan. This is arbitrariness at its height and is not condoned by the Courts. *Tapalian v. Tusino*, 377 F. 3d 1 (1st Cir. 2004)

Finally, the Magistrate-Judge's Recommendation suggests that the Court should be reluctant to become involved in "these kinds of disputes" (Recommendation p. 8) In this case the Recommendation cites *Raskiewicz v. Town of New Boston*, 754 F. 2d 38 (1st Cir. 1985) as the basis to suggest that the Plaintiffs have a "panoply of administrative and judicial remedies". What this overlooks is the fact that the Plaintiffs have alleged that they have been denied judicial access by all competent Courts on a jurisdictional basis. If there is no state Court to whom they can seek redress, then their only recourse, under all of the circumstances of this case, is to this Court under the claims alleged. There is no dispute that the federal courts do get involved when the time is right and proper. Here the Plaintiffs have alleged that a violation of their substantive rights to due process and that they are being denied their rights under color of state law. Such claims must be addressed when there is no other forum for relief. *Village of Willowbrook, supra.*

### Conclusion

For all of the foregoing reasons, the Recommendation of the Magistrate-Judge should not be adopted by the Court and the Motion to Dismiss should be denied.

The Plaintiffs,
by their Attorney,

/s/ William J. Pudlo
William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000
FAX: (413) 739-3620
BBO #407640

## Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading upon the Defendants by mailing a copy of the same, postage prepaid, to Kenneth C. Pickering, 100 Front Street, Worcester, Mass. 01608-1477.

Dated: August 28, 2006

/s/ William J. Pudlo
William J. Pudlo

\win\word\ClarkPerezFederalObjectionstoMotiontoDismiss