UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

ARTHUR L. CLARK, et al.,
    Plaintiffs

V.                                   CIVIL ACTION NO. 05-30163-MAP

LYNNE BOSCHER, et al.,
    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS
TO REPORT AND RECOMMENDATION**

The Plaintiffs' Objections to the Report and Recommendation do not change the fact that this is an ordinary land use dispute resulting from the denial of the Plaintiffs' application for approval of a subdivision development plan. The First Circuit Court of Appeals has held that "[f]ederal courts do not sit as a super zoning board or a zoning board of appeals." Raskiewicz v. Town of New Boston, 754 F.2d 38, 44 (1st Cir. 1985). This dispute is best suited for state court where Plaintiffs have already initiated three separate actions involving the same issues -- one was dismissed, two are still pending.

                *A.     Plaintiffs' Claims Are Ordinary Land Use Disputes.*

Plaintiffs' allegations arise from the decision of the City of Westfield's planning board to deny an application for the Plaintiffs' subdivision. "The Court of Appeals has repeatedly held that land usage controversies between a plaintiff and a state or local administrative and political entities do not rise to the level of due process violations, absent evidence of 'fundamental procedural irregularity, racial animus, or the like.'" Matney v. City of North Adams, 359 F. Supp. 2d 20, 23 (D. Mass. 2005) (quoting Creative Environments, Inc. v. Estabrook, 680 F.2d

822, 831 (1st Cir. 1982)).  Here, the Plaintiffs have not alleged discrimination based on a constitutionally protected class.  According to the Tapalian case cited by the Plaintiffs, Plaintiffs' claims rise to the level of a federal claim *only* if they allege a fundamental procedural irregularity or a malicious or bad faith intent to injure.  Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004).

"[E]ven a 'bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to correct the error.'"  Matney, 359 F. Supp. at 23 (quoting Chiplin Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524, 1528 (1st Cir. 1983)).  The Plaintiffs must allege more than that a government official's actions were arbitrary and erroneous.  Plaintiffs must establish a "gross abuse of power" such as where an official harbors personal hostility and undertakes "a malicious orchestrated campaign causing substantial harm."  Tapalian, 377 F.3d at 6 (quoting Rubinovitz v. Rogato, 60 F.3d 470, 474 (1st Cir. 1995)).  The Plaintiffs in the instant action make no such claims.

The Plaintiffs also cite Berger v. City of Mayfield Heights, 265 F.3d 399 (6th Cir. 2001)("Berger II"), for the proposition that a plaintiff asserting a due process claim must show that a government official deprived the plaintiff of a federally protected right.[1]  In the original appeal, Berger v. City of Mayfield Heights, 154 F.3d 621 (6th Cir. 1998) ("Berger I"), which dealt with the plaintiff's Fourteenth Amendment claims, the Sixth Circuit held that a city ordinance requiring vacant lots of 100 feet of street frontage or less to be cut to a height of 8 inches was arbitrary and capricious. Notably however, the court upheld the District Court's decision to dismiss claims that: 1) the ordinance was enforced against the plaintiff in a

---

[1] The Berger II case cited by the Plaintiffs, decided issues involving an award of attorneys fees pursuant to 42 U.S.C. § 1988.

discriminatory manner, and 2) that the president of the city council and the plaintiff's neighbor conspired to deprive him of his civil rights. Accordingly, on the claims similar to the claims brought by the Plaintiffs in the instant case, the Sixth Circuit <u>upheld</u> dismissal. The <u>Berger I</u> decision does not support Plaintiffs' position.

Plaintiffs cite the Eleventh Circuit case of <u>GJR Investments v. County of Escambia, Fla.</u>, 132 F.2d 1359 (11th Cir. 1998), for the proposition that the failure of a municipality to grant similarly situated individuals the same approvals is capricious economic discrimination. However, the <u>GJR</u> court found that GJR was <u>neither</u> treated differently than similarly situated persons, <u>nor</u> that the individual defendants applied the zoning laws for the purpose of discriminating against GJR. Like <u>Berger I</u>, the <u>GJR</u> case does not support Plaintiffs' position.

Plaintiffs' complaint sets forth a run of the mill land use dispute which would require this Court to examine the merits of the City of Westfield's decision, including the validity of the City's claim of title to a strip of land included in the Plaintiffs' development plans, and the potential effects on the aquifer and City drinking water. Such matters are better left to the state courts. Plaintiffs' objections have added nothing which would create a federal cause of action.

      B.    *Plaintiffs' Claims Are Currently Pending In State Court.*

Even if this Court determines that the allegations in the Plaintiffs' Complaint rise to the level of a federal question, it should refrain from hearing this case based on the doctrine of <u>Younger</u> abstention. <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

The Plaintiffs filed three separate state cases involving the denial of their subdivision plans. The Superior Court case, in which Plaintiffs alleged, *inter alia*, violations of the Massachusetts

and United States Constitutions, was dismissed.[2]  Two remaining lawsuits involving the Plaintiffs' subdivision application are currently pending in the Land Court.  Each of these lawsuits was filed before the Plaintiffs commenced the present federal action.  The Plaintiffs' federal Complaint will require this Court to undertake the same factual and legal inquiries currently before the Land Court.

The Plaintiffs' Complaint should be dismissed because the Plaintiffs have improperly sought recourse in federal court for a municipal land use dispute.  The Plaintiffs' Complaint should also be dismissed based on the doctrine of Younger abstention, because the Plaintiffs have initiated ongoing state court litigation involving the same issues.  The Objections filed by the Plaintiffs have done nothing to question the Report and Recommendation made by Chief Magistrate Judge Neiman.  The Court should enter an order consistent with the Report and Recommendation.

---

[2]  The Superior Court (Curley, J.) dismissed the Plaintiffs' complaint for certiorari in November 2002 without prejudice to the Plaintiffs re-filing their complaint on alternate grounds.  The Court held that plaintiffs were not entitled to relief in the nature of certiorari.  Plaintiffs neither appealed nor re-filed their complaint on alternate grounds.

Respectfully submitted,

LYNNE BOSCHER, PHILIP McEWAN, KEVIN BOWLER, ANTHONY PETRUCELLI, RANDALL RACINE, JOHN WYSOCKI, WILLIAM ONYSKI and ANDREW DENARDO Individually and as MEMBERS OF THE WESTFIELD PLANNING BOARD DURING 2003, JOHN SULLIVAN, RONALD COLE and THOMAS FLAHERTY Individually and as WESTFIELD SEWER COMMISSIONERS DURING 2002, JANA CANTUCCIO, JOSEPH SPAGNOLI and LEE PEREZ, Individually and as WESTFIELD WATER COMMISSIONERS DURING 2002, RICHARD K. SULLIVAN, Individually and as MAYOR OF THE CITY OF WESTFIELD and CHARLES MEDEIROS, BARBARA SWORDS, ADAM LIPTAK, JR., DAVID BANNISH, BRENT BEAN, BRIAN SULLIVAN, CHRISTOPHER CREAN, JAMES CASEY, MARTIN CANTY, DANIEL KNAPIK AND CHRISTOPHER KEEFE, Individually and as MEMBERS OF THE WESTFIELD CITY COUNCIL DURING 2003

By their attorneys,

    /s/ Kenneth C. Pickering
Kenneth C. Pickering, BBO #634121
Jessica H. Munyon, BBO #658729
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: September 8, 2006

6

## CERTIFICATE OF SERVICE

    I, Kenneth C. Pickering, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to William J. Pudlo, Esq. P.O. Box 676, West Springfield, MA 01090.

|  |  |
|---|---|
|  | /s/ Kenneth C. Pickering |
| Dated: September 8, 2006 | Kenneth C. Pickering |